898 F.2d 766
 Parthapratim BHATTACHARYA, Sandhyn Bhattacharya,
individually and as parents, next friends, and
natural guardians of Sunando
Bhattacharya, a minor,
Plaintiffs-Appellants,
v.
Hal E. COPPLE, M.D., Stromont-Vail Regional Medical Center,
Defendants-Appellees.
Fletcher Bell, Kansas Commissioner of Insurance, Amicus Curiae.
 No. 88-2929.
 United States Court of Appeals,
Tenth Circuit.
 March 12, 1990.
 
 Patrick R. Nichols and Tom Kelley of Ochs, Kelley & Littjohann, Topeka, Kan., for plaintiffs-appellants.
 Thomas L. Theis of Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for defendant-appellee, Hal R. Copple, M.D.
 Derenda J. Mitchell of Sloan, Listrom, Eisenbarth, Sloan & Glassman, Topeka, Kan., for amicus curiae.
 Before McKAY and SEYMOUR, Circuit Judges, and KANE,* District Judge.
 PER CURIAM.
 
 
 1
 This is an appeal by plaintiffs' attorneys from an order of the district court calculating an amount of fees to be paid to them pursuant to a settlement agreement.[1] The facts pertinent to this appeal are undisputed. Plaintiffs brought the underlying diversity medical malpractice action in the United States District Court for the District of Kansas against a physician and a hospital (defendants) to recover for injuries sustained by their child. A settlement was eventually negotiated between plaintiffs, defendants, and the Kansas Health Care Stabilization Fund (the Fund), and a written settlement agreement was executed. This agreement resolved the claims between the parties and included a specific provision for attorneys' fees which provided as follows:
 
 VIII. ATTORNEYS FEES
 
 2
 The Fund agrees to pay plaintiffs attorney fees but only in an amount found reasonable by the Court not to exceed $450,000.00 payable in installments of: One Hundred Thousand Dollars ($100,000.00) within sixty (60) days of court approval of this Settlement Agreement; One Hundred Thousand Dollars ($100,000.00) on or about the first anniversary date of the date of settlement; One Hundred Thousand Dollars ($100,000.00) on or about the second anniversary date of the date of settlement; One Hundred Thousand Dollars ($100,000.00) on or about the third anniversary date of the date of settlement and Fifty Thousand Dollars ($50,000.00) on or about the fourth anniversary date of the date of settlement. In no event shall the Fund be responsible to pay more than One Hundred Thousand Dollars ($100,000.00) in any one annual installment payment. The payments under this section VIII cannot be accelerated or deferred. The Fund in no way represents that the sums are reasonable. The determination of reasonableness of the fees will be made by the Court and the Fund will be entitled to any reduction by the Court of the fee.
 
 
 3
 The Fund was established pursuant to the Kansas Health Care Provider Insurance Act, Kan.Stat.Ann. Secs. 40-3401 to -3423, to pay damages for personal injury or death resulting from the rendering or failure to render professional services by a health care provider. See Kan.Stat.Ann. Sec. 40-3403. When the Fund and a claimant agree upon the amount of compensation to be paid by the Fund, the claimant must file a petition in the court where the underlying action is pending "for approval of the agreement." See Kan.Stat.Ann. Sec. 40-3410(a). Following a hearing, the court may "approve" the "settlement" between the claimant and the Fund if the settlement is found to be "valid, just and equitable." See Kan.Stat.Ann. Sec. 40-3410(c). Kansas law also requires that "compensation for reasonable attorney fees to be paid by each litigant [in a medical malpractice action] shall be approved by the judge after an evidentiary hearing and prior to final disposition of the case...." See Kan.Stat.Ann. Sec. 7-121b. The reasonableness of the fees is determined by the factors for evaluating legal representation first set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir.1974), and repeated elsewhere. See Hensley v. Eckerhart, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983).[2]
 
 
 4
 In this case, the settlement agreement was submitted to the district court for approval. Following a hearing, the district court, on October 28, 1988, entered an order designated Journal Entry of Dismissal with Prejudice and Approval of Settlement Agreement which cited Sec. 40-3410 and (1) approved the settlement agreement as to the benefits paid plaintiffs, (2) reserved for further ruling the "setting and approval" of the attorneys' fees to be paid pursuant to the agreement, and (3) dismissed the action with prejudice. The district court then held a second hearing which focused on the issue of attorneys' fees. On November 14, 1988, the district court entered the order underlying this appeal, which cited Sec. 7-121b and held that attorneys' fees in the amount of $182,640.00 were appropriate for plaintiffs' attorneys in this case.
 
 
 5
 On appeal, plaintiffs' attorneys have argued that the district court should have awarded the $450,000.00 in fees contemplated by the settlement agreement. In response, the physician defendant[3] and the Fund, in an amicus brief, have made a number of contentions regarding the appealability of the attorneys' fees determination and also argued that the district court's calculation of fees was proper.
 
 I.
 
 6
 As a general rule, the exercise of federal jurisdiction must be premised on an ongoing adversarial relationship between the parties. See C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 3530 (1984). Consistent with this rule courts have held that a settlement which resolves a dispute and releases opposing litigants renders a pending appeal moot, see, e.g., In re S.L.E. Inc., 674 F.2d 359, 364 (5th Cir.1982), and, similarly, that an order voluntarily dismissing an action pursuant to a settlement agreement is not appealable because it is not an adverse judgment, see, e.g., Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986). Defendant and the Fund, relying on the foregoing authority, have argued that an appeal of the attorneys' fees issue is precluded in this case because that issue was resolved in the settlement agreement, and the case was dismissed pursuant to that agreement. As previously noted, the settlement agreement does expressly provide that "[t]he determination of reasonableness of the fees will be made by the Court and the Fund will be entitled to any reduction by the Court of the fee [below $450,000.00]." Based on this language, defendant and the Fund apparently suggest that the parties consented in advance to have the district court fill in an amount of attorneys' fees, and when the district court eventually provided that amount, it did not create a controversy between the parties and, therefore, this court does not have jurisdiction to entertain the appeal. Plaintiffs' attorneys have not cited any authority which directly responds to the argument that they are essentially asking this court to undo a private settlement.
 
 
 7
 Nevertheless, this argument is clearly flawed. The settlement agreement must be interpreted in light of Sec. 7-121b, which empowers a court to approve or disapprove any attorneys' fees paid by a litigant in a medical malpractice action. Obviously, if a court disapproves, under Sec. 7-121b, of the amount of attorneys' fees to be paid by a litigant, that is an adverse determination which is reviewable. Given the district court's role in this case under Sec. 7-121b, the attorneys' fees provision of the settlement agreement must be read as contemplating that role and merely suggesting $450,000.00 as reasonable attorneys' fees, but not agreeing in advance to the district court's ultimate determination under Sec. 7-121b. We simply are not persuaded that the attorneys' fees provision of the settlement agreement contains any expression of intent to convert the district court into an arbitrator or umpire whose determination with respect to attorneys' fees was agreed to in advance by the parties. Instead, the settlement agreement recognized the independent determination the district court was required to make under Sec. 7-121b. The determination ultimately made was adverse to plaintiffs' attorneys. Under these circumstances, there is an appealable judgment, and the merits of the arguments raised by plaintiffs' attorneys will be reached on appeal.
 
 II.
 
 8
 In determining an appropriate amount of attorneys' fees under Sec. 7-121b, the district court utilized an hourly rate even though plaintiffs' attorneys had accepted the case on a fifty percent (50%) contingent fee basis. On appeal, plaintiffs' attorneys do not specifically challenge the district court's application of the factors under Sec. 7-121b but focus, essentially, on the district court's rejection of the contingent fee agreement. According to plaintiffs' attorneys, $450,000.00 in attorneys' fees is reasonable under Sec. 7-121b, because the benefits negotiated on behalf of plaintiffs are worth $600,000.00, and $450,000.00 would therefore amount to approximately forty percent (40%) of the total settlement package, which is lower than the amount contemplated by the contingent fee agreement.
 
 
 9
 This court has recently held that a calculation of attorneys' fees in a diversity case is reviewed only for an abuse of discretion. Garrick v. Weaver, 888 F.2d 687, 690 (10th Cir.1989). We can find no abuse of discretion in awarding fees based on an hourly rate in this case. Plaintiffs' attorneys have not cited any authority to indicate that the district court was without power under Sec. 7-121b to set aside the contingent fee agreement. In fact, the express language of Sec. 7-121b clearly indicates that the essential inquiry in setting a fee is reasonableness, regardless of any attorney-client relationship. Under Sec. 7-121b a fee arrangement can be of evidentiary value but it does not displace a court's responsibility to determine a reasonable fee. In the absence of any suggestion in this case that the district court misapplied the factors under Sec. 7-121b and made erroneous factual findings, it is difficult to see how the district court exceeded the bounds of permissible choice simply by rejecting the request of plaintiffs' attorneys for in excess of forty percent (40%) of the total settlement package (based on plaintiffs' attorneys' own figures) and awarding fees based on an hourly rate. See, e.g., Garrick, 888 F.2d at 692 (magistrate did not abuse his discretion in setting aside contingent fee agreement and awarding attorneys' fees on a quantum meruit basis).
 
 III.
 
 10
 On appeal, defendant has requested sanctions pursuant to Fed.R.App.P. 38. That rule authorizes the court of appeals to award just damages, including attorneys' fees and single or double costs if the court determines that the appeal is frivolous or brought for purposes of delay. Braley v. Campbell, 832 F.2d 1504, 1510 (10th Cir.1987). "An appeal is frivolous when 'the result is obvious, or the appellant's arguments of error are wholly without merit.' " Id. (quoting Taylor v. Sentry Life Ins. Co., 729 F.2d 652, 656 (9th Cir.1984)). This appeal is clearly not brought for purposes of delay since plaintiffs' attorneys are seeking to increase their fees. Furthermore, this appeal cannot be characterized as frivolous. Section 7-121b, as the district court noted, has never been applied in any reported Kansas decision.[4] Since the outcome of this case turns on the application of that statute, the results of the appeal cannot be considered "obvious."
 
 
 11
 Accordingly, the district court's determination of attorneys' fees is AFFIRMED, and defendant's request for attorneys' fees on appeal is DENIED.
 
 
 
 *
 Honorable John L. Kane, District Judge, United States District Court for the District of Colorado, sitting by designation
 
 
 [1]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [2]
 Kan.Stat.Ann. Sec. 7-121b provides in pertinent part:
 In determining the reasonableness of such compensation, the judge or justice shall consider the following:
 (1) The time and labor required, the novelty and difficulty of the questions involved and the skill requisite to perform the legal service properly.
 (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney.
 (3) The fee customarily charged in the locality for similar legal services.
 (4) The amount involved and the results obtained.
 (5) The time limitations imposed by the client or by the circumstances.
 (6) The nature and length of the professional relationship with the client.
 (7) The experience, reputation and ability of the attorney or attorneys performing the services.
 (8) Whether the fee is fixed or contingent.
 
 
 [3]
 The hospital defendant elected not to file a brief on appeal
 
 
 [4]
 This statute has existed since 1976. However, "[t]his statute is not a matter of common knowledge to the Bar or the courts.... It appears that it has been ignored." Walters v. Hitchcock, 237 Kan. 31, 697 P.2d 847, 857 (1985) (Schroeder, C.J., dissenting) (emphasis in original)