36 F.3d 1106
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 David Bryant WICKS, Plaintiff-Appellant,
v.
COUNTY OF LARAMIE, Sheriff R.D. Restivo, Dr. Carol Fischer,
Captain Long, Sgt. Anderson, Dr. Richard
Patterson, Defendants-Appellees.
 No. 93-8049.
 United States Court of Appeals, Tenth Circuit.
 Sept. 21, 1994.
 
 1
 Before LOGAN and BARRETT, Circuit Judges, and RUSSELL,** District Judge.
 
 ORDER AND JUDGMENT[1]
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Plaintiff David Bryant Wicks brought the underlying 1983 civil rights action to challenge certain conditions of his confinement at the Laramie County jail in Wyoming. Specifically, he alleged officials there were not giving him adequate medical attention. In May of 1993, however, the parties to this action filed a stipulation and agreement to dismiss all claims set forth in the complaint. Pursuant to that agreement, the district court dismissed the underlying matter with prejudice. Mr. Wicks then filed this appeal to challenge that dismissal.
 
 
 4
 As a preliminary matter, we must consider whether we have jurisdiction to consider this appeal. The defendants have filed a motion to dismiss arguing that we do not. The specific question presented is whether the agreement and release moot this case. "The mootness question necessarily constitutes our threshold inquiry, because the existence of a live case or controversy is a constitutional prerequisite to the jurisdiction of the federal courts." Beattie v. United States, 949 F.2d 1092, 1093 (10th Cir.1991).
 
 
 5
 Mr. Wicks maintains this court has jurisdiction to hear the appeal because the stipulation and release were coerced and the defendants have not performed according to the terms of the settlement. The argument follows that the dismissal was improper, and, therefore, there is a controversy between the parties. We disagree.
 
 
 6
 Normally, a plaintiff cannot appeal from a voluntary dismissal because that judgment is not adverse to his interests. Seidman v. City of Beverly Hills, 785 F.2d 1447, 1448 (9th Cir.1986); see also Bhattacharya v. Copple, 898 F.2d 766, 768 (10th Cir.1990)("As a general rule, the exercise of federal jurisdiction must be premised on an ongoing adversarial relationship between the parties."). Here, Mr. Wicks signed the release and stipulation acknowledging an agreement to end the litigation. As a consequence, there is no controversy on which we can rule.
 
 
 7
 Mr. Wicks' arguments concerning the settlement agreement may be relevant to whether he can obtain relief under Fed.R.Civ.P. 60(b). Indeed, he filed a motion for relief from judgment in the district court, but the court has not ruled on that motion. Those arguments cannot, however, resuscitate this appeal. Consequently, the defendants' motion to dismiss is well taken.
 
 
 8
 Mr. Wicks' motion to expand the record is DENIED. The appeal is DISMISSED for lack of jurisdiction. The mandate shall issue forthwith.
 
 
 
 **
 Honorable David L. Russell, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470