Charles L. **JORDAN**, Plaintiff-Appellant,

v.

**COUNTY OF LOS ANGELES,**
Defendant-Appellee.

No. 79–3112.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 19, 1980.

Decided Aug. 18, 1983.

As Amended Jan. 19, 1984.

Alan Terakawa, Los Angeles, Cal., for defendant-appellee.

Walter Cochran-Bond, A. Thomas Hunt, Los Angeles, Cal., for plaintiff-appellant.

**504**

Before TANG, SCHROEDER, and NELSON, Circuit Judges.

TANG, Circuit Judge:

In the United States Supreme Court's order of October 4, 1982, *Jordan v. County of Los Angeles,* 669 F.2d 1311 (9th Cir.1982) was vacated —— U.S. ——, 103 S.Ct. 35, 74 L.Ed.2d 48 and remanded in light of *General Telephone Co. of Southwest v. Falcon,* 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982).

In *Falcon,* the Court held that the district court erred in allowing the named plaintiff, Falcon, to represent both employees who were denied promotions and applicants who were denied employment, where Falcon's individual complaint involved only discrimination in promotion. In reaching this result, the Court articulated the requirements for a named plaintiff to be a proper class representative under Fed.R.Civ.Proc. 23(a). The Court focused on the Rule 23(a) "commonality" requirement, and to a lesser extent, the "typicality" requirement, *id.* at 2370–73, recognizing that the two requirements often tend to merge. *Id.* at 2371 n. 13.

At the heart of the *Falcon* decision was the Supreme court's rejection of the "across-the-board" rule announced in *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (5th Cir.1969). Under that rule "it is permissible for 'an employee complaining of one employment practice to represent another complaining of another practice; if the plaintiff and the members of the class suffer from essentially the same injury.'" *Falcon, supra,* 102 S.Ct. at 2369, quoting 5th Circuit in *Falcon v. General Telephone Co. of Southwest,* 626 F.2d 369, 375 (5th Cir.1980).

In our prior decision we embraced the "across-the-board" rule enunciated by the Fifth Circuit in *Johnson v. Georgia Highway Express, Inc.,* 417 F.2d 1122 (1969). The Supreme court cautioned in *Falcon* that, while racial discrimination is by definition class discrimination, nonetheless there must be a rigorous analysis to determine whether a class action may be maintained in accordance with Rule 23.

*Falcon* does not prohibit "across the board" class formation in every instance. *See Falcon,* 102 S.Ct. at 2371 n.15 (Across the board actions aimed at a specific hiring practice are permissible under Rule 23). However, even though it would be permissible to form a class of all black applicants challenging a specified hiring practice, such a class in the present case would still fail under the numerosity requirement of Rule 23.

In light of the standards set forth in *Falcon,* we reverse our earlier determination that plaintiff-appellant Jordan met the prerequisites to maintain a Rule 23 class action. The district court below found that *Jordan* did not meet the Rule 23 prerequisites. In view of that court's careful evaluation of the claimed bases for class certification, and the intervening *Falcon* decision, we uphold the district court's denial of Rule 23 certification. The district court is

AFFIRMED.