**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

HANI NAROUZ, individually and on
behalf of a class of similarly
situated individuals,
              *Plaintiff-Appellant,*

            v.

CHARTER COMMUNICATIONS, LLC;
FALCON TELECABLE, a California
Limited Partnership; INTERLINK
COMMUNICATIONS PARTNERS, LLC,
              *Defendants-Appellees.*

No. 07-56005

D.C. No.
CV-06-02914-R

OPINION

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued November 17, 2008
Submitted December 1, 2009
Pasadena, California

Filed January 15, 2010

Before: Pamela Ann Rymer and Milan D. Smith, Jr.,
Circuit Judges, and Edward R. Korman,* District Judge.

Opinion by Judge Milan D. Smith, Jr.;
Concurrence by Judge Korman;
Partial Concurrence and Partial Dissent by Judge Rymer

---

*The Honorable Edward R. Korman, Senior United States District
Judge for the Eastern District of New York, sitting by designation.

1169

## COUNSEL

Stephen M. Harris, Knapp, Peterson & Clarke, Glendale, California, for the appellants.

Steven D. Allison, Mandana Massoumi, Jessica Linehan, Dorsey & Whitney LLP, Irvine, California, for the appellees.

## OPINION

MILAN D. SMITH, JR., Circuit Judge:

This case presents the question of whether the settlement and voluntary dismissal by a class representative of his personal claims in a putative class action lawsuit renders moot his appeal of the denial of class certification. We hold that under the circumstances of this case, the appeal is not rendered moot.

## FACTUAL AND PROCEDURAL BACKGROUND

Hani Narouz filed a complaint on April 7, 2005 in the Los Angeles Superior Court, alleging causes of action for wrongful termination in violation of public policy; statutory violations of the California Labor Code based on failure to pay wages, failure to furnish meal periods, and failure to maintain accurate itemized wage statements; unfair, unlawful, and fraudulent business acts and practices under California Business and Professions Code Section 17200; and seeking declaratory relief. All of these claims were asserted on behalf of a putative class of Charter Communications, LLC's (Charter) non-exempt employees, except the wrongful termination claim, which was asserted by Narouz alone. Charter removed the case to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1441(b).

After over a year and a half of litigation, including the processing of two separate Motions to Strike, and extensive discovery, the parties commenced a mediation proceeding on December 7, 2006, which resulted in agreement on general settlement terms approximately ten days later.

The actual settlement agreement, which was negotiated over several additional months, included a "Class Action Joint Stipulation of Settlement," providing for the gross payment by Charter of $267,500 (including attorney's fees). A separate agreement was entered into between Charter and Narouz, which called for $60,000 to be paid by Charter to Narouz for the release of Narouz's wrongful termination claim, claims for any unpaid wages "aside from those related to Narouz's class allegation," claims for any emotional distress, pain and suffering, and penalties "aside from those related to Narouz's class allegation." Narouz was also eligible to receive an additional amount ($20,000) conditioned on the district court's final approval of the class settlement. The agreement specified, however, that if the Court did not approve the settlement, the $60,000 payment already made would be considered to be

consideration for any and all remaining "individual claims." On December 20, 2006, the parties filed a stipulation and order relating to Narouz's motion for approval of settlement. On February 23, 2007, Narouz signed the "Confidential Settlement Agreement and Release," providing for full settlement and release of his individual claims.

On April 23, 2007, Narouz filed a motion in the district court seeking certification of the class for settlement purposes only and preliminary approval of the class action settlement. Charter filed papers supporting the motion. A hearing was held on May 21, 2007, wherein the district court refused to certify the case as a class action for settlement purposes, or to approve the settlement. The only comment the court made in its written order was that it could not "ascertain a class." The court offered no other analysis as to why the motion was denied.

On June 5, 2007, Narouz filed a stipulation and request for dismissal with prejudice as to all of his individual claims, pursuant to the settlement agreement. The court entered an order terminating the case the next day. Narouz now appeals. We have jurisdiction under 28 U.S.C. § 1291.

## DISCUSSION

### I.  Mootness

[1] The issue of whether a class representative who voluntarily settles his or her individual claims in a putative class action renders an appeal from a denial of class certification moot is an open one in this circuit. *See Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986) (stating "[w]e need not reach the question of whether a named plaintiff who settles all his individual claims after denial of class certification may appeal the adverse certification order"). The issue also remains open in the Supreme Court. *See U.S. Parole Comm'n v. Geraghty,* 445 U.S. 388, 404 n.10 (1980).

**[2]** The Supreme Court held in *Geraghty* that when a class representative's claims expire involuntarily, that representative "retains a 'personal stake' in obtaining class certification sufficient" to maintain jurisdiction to appeal a denial of class certification. *Id.* at 404. The Court reasoned that the class representative maintained at least an interest in spreading litigation costs and shifting fees and expenses to the other litigants with similar claims. *Id.* at 403; *see also Deposit Guar. Nat'l Bank, Jackson Miss. v. Roper*, 445 U.S. 326, 334 n.6 (1980).

**[3]** We hold that when a class representative voluntarily settles his or her individual claims, but specifically retains a personal stake as identified by *Geraghty* and *Roper*, he or she retains jurisdiction to appeal the denial of class certification. In so holding, we join several other circuits. *See Richards v. Delta Air Lines, Inc.*, 453 F.3d 525 (D.C. Cir. 2006); *Potter v. Norwest Mortgage, Inc.*, 329 F.3d 608 (8th Cir. 2003); *Toms v. Allied Bond & Collection Agency, Inc.*, 179 F.3d 103 (4th Cir. 1999); *Love v. Turlington*, 733 F.2d 1562 (11th Cir. 1984).

**[4]** In order to retain such a "personal stake," a class representative cannot release any and all interests he or she may have had in class representation through a private settlement agreement. *See Toms*, 179 F.3d at 105-06 (holding that the class representative had maintained no interest in a case where he expressly relinquished "any and all" claims "of any kind or nature whatsoever he may have individually" in addition to "any claims for attorney's fees, costs, or compensation as class representative, [and any claims] he may have as a member/representative of the putative class"). Conversely, a settlement agreement that specifically provides that the class representative is solely releasing individual claims may permit the class representative to retain a "personal stake" in the class claim. *See Richards,* 453 F.3d at 529 (holding that the named plaintiff maintained jurisdiction when the settlement agreement released defendant only of "any and all individual

claims that she might have" which was not "in derogation of . . . Plaintiff's class claim").

**[5]** Here, the "Confidential Settlement and Release" between Narouz and Charter limits the release to only Narouz's individual claims, stating that the settlement payment received is consideration for dismissal of Narouz's claims "*aside* from those related to Narouz's class allegation" (emphasis added). The agreement also provides that Narouz retains a continued financial interest in the advancement of the class claims, because Narouz is to receive an award enhancement fee ($20,000) were the court to approve the settlement. Further, the agreement provides that the claim for attorney's fees and costs has not been released, nor will it be, if Narouz is not allowed to pursue an appeal of a denial of class certification. The dissent ignores the plain language of the settlement agreement and obvious financial interest in obtaining a reversal of the district court's decision, and instead relies upon a general release provision included in the agreement. It is clear here that Narouz maintains a sufficient personal stake in the class litigation to appeal the district court's denial of class certification, and that the appeal is not moot.

The dissent argues that voluntary settlement is different from involuntary disposition because "[b]y definition, voluntary settlement is wholly within the discretion of the parties; they can control what claims are dismissed, which survive, and what rights each party retains in the class certification claim." Dissent at 1184. This is a definition of voluntariness, not a reason for holding that Narouz lacks a personal stake in the outcome of the appeal. Narouz did not release the claims of the putative class members and, as discussed above, retains a personal financial interest in the outcome arising from his rights to represent the class. As the Supreme Court observed in *Geraghty*, "[a] plaintiff who brings a class action presents two separate issues for judicial resolution. One is the claim on the merits; the other is the claim that he is entitled to represent

a class. The denial of class certification stands as an adjudication of one of the issues litigated. We think that in determining whether the plaintiff may continue to press the class certification claim, after the claim on the merits 'expires,' we must look to the nature of the 'personal stake' in the class certification claim." 455 U.S. at 402 (internal quotation and citation omitted).

Moreover, viewed realistically, the decision of Narouz to settle this case is voluntary only in the sense that it is a knowing choice between two alternatives. One was pursuing his individual claim to final judgment at the risk of possibly recovering nothing, combined with the expenditure of more resources than the case may have been worth. The other one, the one he chose, was settling the case in a manner that he had reason to believe would serve the interests of the class as well as his own. By specifically stating in the agreement that the $60,000 was payment for claims "*aside* from those related to Narouz's class allegation" (emphasis added), and by maintaining an interest in the $20,000 that was conditioned on the court's approval of the class settlement, Narouz maintained a personal stake as required by *Geraghty*.

## II. Motions to Strike and *Ex Parte* Application

**[6]** Narouz appeals not only the order denying approval of the settlement and certification of a class for settlement purposes, but also two separate motions to strike and a denial of an *ex parte* application seeking extension of a date in a Rule 16 scheduling order. These issues are not ripe for review because the parties have agreed to settle this case. On remand, if the class is certified and the settlement is approved, the disputes over these interlocutory orders will be rendered moot and will never need to be reached. *See Lehn v. Holmes*, 364 F.3d 862, 867 (7th Cir. 2004) ("Ripeness doctrine is based on the 'central perception . . . that courts should not render decisions absent a genuine need to resolve a real dispute.' . . . [and] is grounded in both Article III and prudential con-

cerns.") (internal citation omitted); *Western Oil and Gas Ass'n v. Sonoma County*, 905 F.2d 1287, 1290 (9th Cir. 1990) ("The ripeness inquiry asks 'whether there is yet any need for the court to act,' while the mootness inquiry asks 'whether there is anything left for the court to do.' " (quoting Wright, Miller & Cooper, *Federal Practice and Procedure*, § 3532.1 (2d ed. 1984))). Consequently, we do not have jurisdiction to consider Narouz's interlocutory appeal of the district court's decisions concerning the motions to strike and its denial of the *ex parte* application seeking extension.

### III.    Denial of Motion for Certification of Settlement Class and For Preliminary Approval of Class Action Settlement

#### A.    Standard of Review

Normally, class certification decisions are reviewed under an abuse of discretion standard. *Dukes v. Wal-Mart, Inc.*, 509 F.3d 1168, 1175 (9th Cir. 2007). This is not the case, however, where the district court fails to make sufficient findings to support its application of the Rule 23 criteria. In such circumstances, the class certification decision "is not entitled to the traditional deference given to such a determination." *Local Joint Exec. Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1161 (9th Cir. 2001).

Here, the district court refused to certify the settlement class, offering almost no analysis to support its decision. At the hearing held to preliminarily certify the class, the district court stated "I don't see how I can certify this matter for class action as a class action for settlement purposes. I just don't think I could probably certify it for a class action at all. There is some question in my mind. So the motion is denied." The court's written order states, "The motion is denied since the court is unable to ascertain a class which can be certified." This statement contains virtually no analysis. Thus, the dis-

trict court's decision is not entitled to the traditional deference given to class certification determinations.

## B. Application of Rule 23

[7] The parties agree that the district court erred by refusing to certify a class for settlement purposes only. In reviewing the district court's determination, however, this court must still review the requirements of Rule 23(a) and (b), which are "designed to protect absentees by blocking unwarranted or overbroad class definitions" and "demand undiluted, even heightened, attention in the settlement context." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997). To obtain class certification, a class plaintiff has the burden of showing that the requirements of Rule 23(a) are met and that the class is maintainable pursuant to Rule 23(b). *Amchem*, 521 U.S. at 613-14.

[8] It is clear here that the district court erred in denying class certification without providing any findings or providing any analysis of the Rule 23 factors. Meaningful appellate review is impossible. On this basis alone, we are compelled to vacate and remand for a reasoned determination of class action status. *See Las Vegas Sands*, 244 F.3d at 1161. While both parties make a strong case in their briefs for why class certification for settlement purposes is appropriate, and although we tentatively see no reason why preliminary approval should not be granted, we prefer to remand the issue to the district court for its determination. Further, before any settlement can receive final approval, a fairness hearing must be held where members of the class may be heard concerning their support for, or objection to, the settlement. We vacate the district court's denial of the Motion for Certification of Settlement Class and For Preliminary Approval of Class Action Settlement, and remand for reconsideration of the motion.[1]

---

[1] A final judgment was not entered in this case. Where an order appealed from clearly represents a final decision and the appellees do not object to

**[9]** Under the circumstances of this case, it is appropriate that the case be reassigned to a different district judge on remand. *See Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165-66 (9th Cir. 2007).

**VACATED and REMANDED to a DIFFERENT DISTRICT JUDGE**.

---

KORMAN, District Judge, concurring:

I concur fully in Judge Smith's opinion. I write separately to address Judge Rymer's argument in dissent that under the terms of the Confidential Settlement Agreement and Release, Narouz agreed to release Charter from all claims arising out of Narouz's employment if the "Court does not approve the terms of the representative and class action . . . and does not enter an order approving the distribution of funds for the class. . ." Consequently, she argues that Narouz lacks standing and that the appeal is moot.

Unlike Judge Rymer, I do not read this language as a waiver of Narouz's right to appeal from a denial of the approval of the terms of the representative and class action settlement. Particularly apposite here is *Bhattacharya v. Copple,* 898 F.2d 766 (10th Cir. 1990) (per curiam). The case involved a settlement of a medical malpractice action. The settlement agreement, which resolved the claims between the parties, included a provision for the award of attorneys' fees in the amount of $450,000. The clause relating to the attorneys' fees provided that the "determination of reasonableness of the fees will be made by the Court and the [Kansas Health

---

the taking of an appeal, the separate judgment rule is deemed to have been waived and the assumption of appellate jurisdiction is proper. *Allah v. Superior Court*, 871 F.2d 887, 890 n.1 (9th Cir. 1989).

Care Stabilization] Fund will be entitled to any reduction by the Court of the fee." *Id.* at 768. This reflected the fact that, under Kansas law, the approval of the court was required for both the settlement agreement and the award of attorneys' fees. *Id.* at 767.

The settlement agreement was submitted to the district court for approval. Ultimately, an order "designated Journal Entry of Dismissal with Prejudice and Approval of Settlement Agreement" was entered. The order "(1) approved the settlement agreement as to the benefits paid plaintiffs, (2) reserved for further ruling the 'setting and approval' of the attorneys' fees to be paid pursuant to the agreement, and (3) dismissed the action with prejudice." *Id.* at 768. After a hearing on the issue of attorneys' fees, the district court awarded less than the $450,000 to which the parties agreed. The plaintiffs appealed. Relying on authority supporting the proposition that an order voluntarily dismissing an action pursuant to a settlement agreement is not appealable, the defendants moved to dismiss the appeal. In holding that the order awarding counsel fees was appealable, the Court of Appeals for the Tenth Circuit held that the settlement agreement had to be interpreted in light of Kansas law which empowers a court to approve or disapprove any attorneys' fees paid by a litigant in a malpractice action. "Obviously," it continued, "if a court disapproves . . . of the amount of attorneys' fees to be paid by a litigant, that is an adverse determination which is reviewable." *Id.* at 768-69.

> We simply are not persuaded that the attorneys' fees provision of the settlement agreement contains any expression of intent to convert the district court into an arbitrator or umpire whose determination with respect to attorneys' fees was agreed to in advance by the parties. Instead, the settlement agreement recognized the independent determination the district court was required to make under § 7-121b. The determination ultimately made was adverse to

plaintiffs' attorneys. Under these circumstances, there is an appealable judgment, and the merits of the arguments raised by plaintiffs' attorneys will be reached on appeal.

*Id.* at 769.

This reasoning is equally applicable here. Rule 23 requires that settlement of a class action be submitted to the district court for its approval. Fed.R.Civ.P. 23(e). The decision of the district court here was adverse to Narouz and to the class he represented. The language of the release clause at issue does not contain any expression of an intent to confer unreviewable discretion on the district court with respect to this issue. Nor do I see any reason of policy for holding that Narouz was required to "reserve any right to appeal an adverse determination of certification, the terms of the class, or class settlement." Dissent at 1187. On the contrary, in the course of holding that an order denying class certification was not an appealable order, the Supreme Court observed that such an order "is subject to effective review after final judgment at the behest of the named plaintiff or intervening class members." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978). The equivalent of a final judgment has been entered in this case. Majority at 1179-80 n.1. Under these circumstances, only an explicit waiver of the right to appeal would deny Narouz the opportunity to appeal the adverse judgment by the district court.

---

RYMER, Circuit Judge, concurring in part and dissenting in part:

I would hold that a putative class representative who enters into a settlement with the defendant in a class action after class certification has been denied, and voluntarily dismisses all of his substantive claims, thereby loses a sufficient interest

to prosecute an appeal from the adverse certification ruling unless the settlement papers expressly carve out the settling plaintiff's interest in the class claims or retain some other cognizable interest such as shifting the costs of litigation to other members of the class.

As I read the Confidential Settlement Agreement and Release between Narouz and Charter, the parties settled all of Narouz's substantive claims as an individual *and* as a putative member of the class if and when the court denied class certification, which, of course it did.[1] The Agreement contains a comprehensive release, and does not reserve the right to appeal a class certification claim. Nor does the Agreement discuss the spreading of costs. Pursuant to it, Narouz voluntarily dismissed with prejudice all his individual claims. No one else has stepped up to the plate, that is, no other member of the putative class has sought to intervene for the purpose of appealing the district court's ruling. In these circumstances, it seems to me, Narouz lacks standing and the appeal is moot for lack of a continuing controversy.

In *Geraghty*, the Supreme Court considered whether denial of a motion for certification of a class may be reviewed on appeal after the named plaintiff's personal claim had been involuntarily extinguished. *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980). The Court observed that mootness has two aspects: when the issues presented are no longer live, and when the parties lack a legally cognizable interest in the outcome. *Id.* at 396. There it was clear the controversy was live because putative members of the class moved to be substituted or to intervene. *Id.* Here it is not. On the second prong, the Court held that a putative representative retains a personal stake in obtaining class certification when his substantive claim *expires*. *Id.* at 404. *See also Deposit Guaranty National Bank v. Roper*, 445 U.S. 326, 340 (1980) (permitting appeal

---

[1]The Narouz/Charter settlement agreement was executed before the class certification ruling with an effective date after it was rendered.

of adverse certification ruling after involuntary dismissal of the named plaintiff's substantive claim). But it explicitly declined to express any view as to whether a named plaintiff who *settles* his individual claim may nevertheless appeal from denial of class certification. *Geraghty*, 445 U.S. at 404 n.10.

I think voluntary settlement is different from involuntary disposition. By definition, voluntary settlement is wholly within the discretion of the parties; they can control what claims are dismissed, which survive, and what rights each party retains in the class certification claim. For this reason it seems to me that Narouz, having voluntarily settled and voluntarily dismissed his individual claims, lacks a sufficient personal stake to appeal a denial of class certification *unless* he can point to specific language in the settlement papers showing that he retains a cognizable interest.

The Supreme Court identified two such interests in *Roper*: a plaintiff's interest in his individual substantive claim, and his interest in shifting the costs of litigation to other members of the class. 445 U.S. at 336-39. As we have indicated, these interests are negotiable and can be settled. *See Seidman v. City of Beverly Hills*, 785 F.2d 1447, 1448 (9th Cir. 1986) (holding that voluntary dismissal with prejudice upon settling individual claims after denial of class certification deprived court of jurisdiction).[2] Other courts agree. *See, e.g.*, *Toms v.*

---

[2]*Seidman* distinguishes what remains of *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1316-17 (9th Cir. 1982), *vacated on other grounds*, 459 U.S. 810 (1982), *rev'd on other grounds on remand*, 713 F.2d 503 (9th Cir. 1984), *amended on remand*, 726 F.2d 1366 (9th Cir. 1984), on the footing that in *Jordan*, unlike *Seidman*, the parties had not stipulated to a voluntary dismissal of the action. 785 F.2d at 1448 n.2. It notes that in *Jordan*, we held that a class plaintiff who settled individual claims could appeal where an attempt by other members of the putative class to intervene demonstrated the existence of a live controversy and where the settlement agreement did not resolve the plaintiff's claim for injunctive relief, thereby leaving him with a personal stake in the outcome of the litigation.

*Allied Bond & Collection Agency*, 179 F.3d 103, 105 (4th Cir. 1999); *Dugas v. Trans Union Corp.*, 99 F.3d 724, 727-29 (5th Cir. 1996); *Walsh v. Ford Motor Co.*, 945 F.2d 1188, 1191-92 (D.C. Cir. 1991); *Shores v. Sklar*, 885 F.2d 760, 762-64 (11th Cir. 1989).

Other courts facing similar issues also generally start with the principle that a class representative with voluntarily dismissed individual claims has mooted his appeal of a prior denial of class certification, *unless* the language of *both* the settlement agreement *and* the dismissal demonstrate a live controversy and a personal stake in the case. They then evaluate the appellant's entitlement to the narrow mootness exception based on whether the putative class representative expressly: (1) "carved-out" or preserved class claims, with no dismissal of "any and all" claims or the "action" as a whole; (2) reserved the right to appeal the class certification denial; and/or (3) provided for the shifting of attorneys' fees, costs and expenses to the class in the event that a class was certified. *See, e.g., Toms*, 179 F.3d at 105-07 (finding appeal moot where plaintiff expressly agreed to an "unqualified release of claims" — including "any and all" individual and class action claims, any interest in attorneys' fees and costs and any class representative compensation — even where the settlement agreement preserved the right to appeal class certification ruling, which was held to be "without effect" in light of the plaintiff's lack of interest in the case); *Dugas*, 99 F.3d at 725-29 (holding plaintiff agreed "without objection" to settlement and stipulated judgment on the entire "action," and did not distinguish or preserve class claims; under those circumstances, plaintiff needed an "express reservation of a right to appeal" class certification denial);[3] *Potter v. Norwest Mort-*

---

[3] *Cf. Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045, 1050-51 (5th Cir. 1981) (holding "a suit brought as a class action must as a general rule be dismissed as moot when the personal claims for the named plaintiffs are satisfied, and no class has properly been certified," but also that "a suit brought as a class action should not be dismissed for mootness upon tender to the named plaintiffs of their personal claims, at least when, as here, there is pending before the district court a timely filed and diligently pursued motion for class certification").

*gage, Inc.*, 329 F.3d 608, 611-14 (8th Cir. 2003) (holding plaintiff voluntarily released all individual claims after denial of class certification and failed to provide settlement agreement as part of the record that would establish continuing interest in shifting attorneys' fees and costs to the class under *Geraghty* and *Roper*);[4] *Shores*, 885 F.2d at 762-64 (holding release by consent to judgment, without any qualification as to class claims versus individual claims, indicated consent to dismissal of entire "action");[5] *Richards v. Delta Air Lines, Inc.*, 453 F.3d 525, 528-29 (D.C. Cir. 2006) (holding plaintiff who voluntarily settled individual claims could appeal class certification denial because she retained a personal stake in the litigation in shifting fees and costs to the class and in only settling "any and all individual claims she might have," rather than "any and all" claims or agreeing to dismiss the entire "action"; parties also stipulated that plaintiff's "individual claims" were not "in derogation of any other claim, defense, or right that either party or any putative class member might have in respect of this litigation, including Plaintiff's class claim").[6]

---

[4]*See also Anderson v. CNH U.S. Pension Plan*, 515 F.3d 823, 826-27 (8th Cir. 2008) (holding after denial of class certification, "the voluntary settlement reached by the named plaintiffs with both defendants leads us to conclude that the entire case is now moot," although agreement reserved right to appeal, because plaintiff did not establish a "continuing interest . . . in shifting costs and attorneys' fees to putative class members").

[5]*Cf. Love v. Turlington*, 733 F.2d 1562, 1564-65 (11th Cir. 1984) (holding class representative's appeal of denial of class certification was not moot where she settled individual claims, as "live" controversy existed due to intervenor and plaintiff had "personal stake" in her procedural claim to the right to represent the class under *Geraghty*).

[6]*Cf. Walsh*, 945 F.2d at 1190-92 (holding plaintiff could not appeal class certification denial where he released "any and all claims . . . whatsoever" with no mention of class claims; noting that if the settlement was expressly "limited in scope" there would be a basis for plaintiff's appeal of the class certification denial).

Following this approach and applying the rule I would adopt, the question is: what did Narouz and Charter agree to. As I read the Agreement, Narouz fully released all his non-class, individual claims and his individual claims as part of the class, as well as his right to any other payments, including attorneys' fees and costs. It was a stair-stepped deal. If the class and class settlement *were* approved, Narouz would receive $60,000 for settling his individual claims — aside from those related to Narouz's class allegations and recoverable in accord with the court's approval of the terms of the Class Action Joint Stipulation of Settlement and Release — and $20,000 as a class settlement payment once the court entered an order approving the class settlement after a fairness hearing. However, if the class and class settlement were *not* approved, Narouz agreed to treat the $60,000 as consideration for "any and all remaining individual claims against Charter," and, in accordance with the release provision, to release Charter "for all Narouz's individual claims alleged in his Complaint, on behalf of himself or as part of the putative or representative class, and agrees he would not be entitled to any further recovery of any kind from Charter." The release provision fully discharges Charter from all claims arising out of Narouz's employment.[7]

The Agreement does not reserve any right to appeal an adverse determination of certification, the terms of the class, or class settlement. Neither does it allow for the contingency of spreading costs among other members of the putative class if the class were not approved. While the Agreement does address attorneys' fees, what it provides for is fees associated with the settlement of the class action and representative

---

[7]As the Recitals in the Agreement indicate, the parties wished to resolve disputes between them "including but not limited to any matters pertaining to Narouz's employment and termination of employment with Charter and all claims which could have been asserted in the Action." The class-based claims arise out of Charter's alleged failure to provide meal breaks and overtime wages, and so have to do with Narouz's employment with Charter.

claims as specified in the Joint Stipulation and subject to the court's approval — which didn't happen.

In accord with the Agreement, once the court denied certification of the class for settlement, the parties filed a stipulation for dismissal. In it Narouz "voluntarily dismisse[d] with prejudice all his individual claims as alleged in the first, second, third, fourth, fifth, sixth and seventh causes of action in his Complaint." This included every cause of action in the complaint and made no distinction between his individual, non-class claims and his class-based claims. Dismissal was ordered by the court on June 5, 2007. Narouz then submitted a proposed judgment to the district court dismissing the "entire action."[8]

All of this indicates to me that the parties intended to — and did — end Narouz's involvement in this case one way or the other. As it happened, the court denied the class certification and settlement. In that event, Narouz agreed that the consideration he received was for releasing *any and all* of his interests, including class-based claims. All of these claims were voluntarily dismissed with prejudice. No other putative member has picked up the mantle. Therefore, I cannot see how we still have a case or controversy that Narouz has standing to pursue.

Because I conclude that Narouz's appeal is moot, I do not reach the remaining issues.[9]

---

[8]The court never signed the proposed judgment, perhaps because the stipulation of dismissal had already been entered, and the case had been administratively closed by a "JS-6" entry on the docket.

[9]This said, I take it that when the majority says that it "tentatively see[s] no reason why preliminary approval should not be granted," this view is based on the record as it stood at the time the district court made its ruling. On remand, however, other things may well be on the table, including the adequacy of Narouz's class representation. *See Geraghty*, 445 U.S. at 405-07 ("Our conclusion that the controversy here is not moot does not auto-

matically establish that the named plaintiff is entitled to continue litigating the interests of the class. '[I]t does shift the focus of examination from the elements of justiciability to the ability of the named representative to "fairly and adequately protect the interests of the class." Rule 23(a).' *Sosna v. Iowa*, 419 U.S. [393, 403 (1975)]. *We hold only that a case or controversy still exists. The question of who is to represent the class is a separate issue.*") (emphasis in original).

I also would not reassign this case to a different judge. As far as I can tell, there has been no demonstration of, and the record does not necessarily show, any "bias or unusual circumstances," such that reassignment is required under *Rhoades v. Avon Prods., Inc.*, 504 F.3d 1151, 1165-66 (9th Cir. 2007).