FILED

OCT 08 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOANY G. CORTEZ, an individual, for himself and on behalf of all others similarly situated, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> SAIA MOTOR FREIGHT LINE, INC. and SAIA MOTOR FREIGHT LINE, LLC, <br><br> Defendants - Appellees. | No. 08-56356 <br><br> D.C. No. 2:07-cv-05388-R-E <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted October 6, 2010[**]
Pasadena, California

Before: PREGERSON, D.W. NELSON and IKUTA, Circuit Judges.

The district court erred in failing to explain its reasons for denying the

unopposed class-certification motion of plaintiff Hoany G. Cortez ("Cortez"). The

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's conclusory assertion that this case presents "no common questions" of law or fact under Rule 23(a) falls far short of the "rigorous analysis" required in the class-certification context. *See* Fed. R. Civ. P. 23(a); *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 161 (1982). Nor is this a case where the "issues [a]re so plain and the analytical framework so clear that the record," standing alone, enables effective appellate review. *Chamberlan v. Ford Motor Co.*, 402 F.3d 952, 961 (9th Cir. 2005). Contrary to the district court's conclusion, the record suggests a number of possible common issues, such as whether defendant Saia Motor Freight Line, LLC maintains an official policy of refusing to reimburse workers for required footwear and whether federal OSHA regulations legitimize such a policy.[1] The district court also omitted any mention of the remaining Rule 23(a) factors and did not discuss any of the prongs of Rule 23(b). *See* Fed. R. Civ. P. 23(a)–(b).

The dearth of substantive analysis in the district court's March 24, 2008 hearing and March 28, 2008 order prevents this court from engaging in "meaningful appellate review" and requires that we vacate the decision and remand for reconsideration of Cortez's motion. *See Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). Given the circumstances of this case, we are not convinced that it is necessary to reassign this case to a different judge on

---

[1] We express no view on the merits of the underlying certification motion.

2

remand.  *See United States v. Sears, Roebuck & Co.*, 785 F.2d 777, 780 (9th Cir. 1986) (per curiam).

**VACATED and REMANDED.**