OWENS, Circuit Judge,
dissenting:
While I agree with the ultimate result in this case—Campion loses—I dissent from the majority’s holding that the appeal is moot. Under our current precedent, Cam-pion’s appeal remains viable, even if he has voluntarily settled his individual claims, as he retained a personal stake in the outcome—litigating like a private attorney general on behalf of the proposed class.
The majority holds that when a named plaintiff voluntarily settles his claim and no longer has a personal financial stake in the litigation, he lacks. Article III standing to act on behalf of the class. But, according to the majority, a plaintiff whose financial interest expires involuntarily retains Article III standing. See Majority at 5-8.
In Narouz v. Charter Communications, LLC, we held “that when a class representative voluntarily settles his or her individual claims, but specifically retains a personal stake as identified by [United States Parole Commission v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980) ], and [Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) ], he or she retains jurisdiction to appeal the denial of class certification.” 591 F.3d 1261, 1264 (9th Cir.2010). As I understand the settlement in this case, that is what Campion did—he reserved the right to appeal the order denying class certification to act like a private attorney general. The majority reads a “financial-in-nature” limitation on the personal stake language in Narouz. While a personal stake can be and usually is financial in nature, nothing in Narouz or any other Ninth Circuit case that the ma *1148 jority cites requires the personal stake to be financial.
Courts have recognized a personal stake as including the vindication of the class’s interests, the procedural right to represent a class, and the right to pursue class-wide injunctive relief. See, e.g., Geraghty, 445 U.S. at 403-05, 100 S.Ct. 1202; Cameron-Grant v. Maxim Healthcare Servs., Inc., 347 F.3d 1240, 1246-47 (11th Cir.2003); Rosetti v. Shalala, 12 F.3d 1216, 1226-27 (3d Cir.1993); Love v. Turlington, 733 F.2d 1562, 1564-65 (11th Cir.1984); McLaughlin v. Hoffman, 547 F.2d 918, 920-21 (5th Cir.1977). We have held that a plaintiff whose individual claims become moot may appeal the denial of class certification so long as he retains “either an individual economic interest ... or a private-attorney-general-like interest in having a class certified if the requirements of Rule 23 are met.... ” Pitts v. Terrible Herbst, Inc., 653 F.3d 1081, 1090 (9th Cir.2011) (emphases added).
Nor does our case law suggest that Article III standing to appeal class claims turns on the voluntariness of the dismissal of the individual claims. In Evon v. Law Offices of Sidney Mickell, which the majority cites to support its distinction between voluntary and involuntary dismissals, we actually declined to adopt that distinction, reasoning instead that when a plaintiff settles and voluntarily dismisses his or her individual claims after the denial of class certification, we retain jurisdiction to consider the class certification decision so long as the language of the settlement agreement cannot “be read to release [the] class claims.” 688 F.3d 1015, 1022 (9th Cir.2012). Because the settlement agreement here expressly reserved Campion’s class claims, Evon rejected the result the majority adopts.
The majority reasons that the appeal in Evon was not moot because we remanded that case for a recalculation of the plaintiffs attorney’s fees award. See Majority at 6. However, we did not suggest in Evon that our jurisdiction turned on the potential for an increased fee award, and such a holding would not have made sense when attorney’s fees “are but an ancillary matter” for which jurisdiction exists “even when the underlying case is moot.” Zucker v. Occidental Petroleum Corp., 192 F.3d 1323, 1329 (9th Cir.1999). Moreover, the fees awarded in Evon pertained to the plaintiffs “individual claim,” 688 F.3d at 1020 (emphasis added), and therefore could not have constituted “a financial interest in class certification.” Majority at 5.
I read Article Ill’s evolution since 1980 to suggest that the Supreme Court someday will hold that a plaintiff who voluntarily settles his claim must retain a financial stake in the litigation to serve as a class representative—the “private-attorney-general-like” interest will not be enough. See, e.g., Gollust v. Mendell, 501 U.S. 115, 125-26, 111 S.Ct. 2173, 115 L.Ed.2d 109 (1991) (recognizing that “if a security holder were allowed to maintain a § 16(b) action after he had lost any financial interest in its outcome, there would be serious constitutional doubt whether that plaintiff could demonstrate the standing required by Article Ill’s case-or-controversy limitation on federal court jurisdiction”). In my view, the Supreme Court should answer the question left open in Geraghty, 445 U.S. at 404 n. 10, 100 S.Ct. 1202. See, e.g., Rhodes v. E.I. du Pont de Nemours & Co., 636 F.3d 88, 100 (4th Cir.2011) (recognizing circuit split on issue). But unless and until it does, I read our precedent differently than my colleagues do.
This discussion is more academic than meaningful to Campion, as I still think he loses. Unlike the majority, I would reach the merits and hold that (1) Campion lacks *1149 standing to pursue injunctive relief because his contract with Old Republic expired before he filed suit, see Hangarter v. Provident Life & Accident Ins. Co., 373 F.3d 998, 1021-22 (9th Cir.2004), and (2) the district court correctly denied class certification because Campion cannot represent an injunctive-relief class when he lacks standing to pursue an injunction, see Hodgers-Durgin v. de la Vina, 199 F.3d 1037, 1045 (9th Cir.1999) (en banc).