**NOT FOR PUBLICATION**



FILED

JUL 05 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MOHAMMED RAHMAN, individually and on behalf of other members of the general public similarly situated, | No. 15-15579 |
| Plaintiff-Appellant, | D.C. No. 3:13-cv-03482-SI |
| v. | MEMORANDUM[*] |
| MOTT'S LLP, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Susan Illston, District Judge, Presiding

Argued and Submitted April 19, 2017
San Francisco, California

Before: SCHROEDER and RAWLINSON, Circuit Judges, and STAFFORD, District Judge.[**]

Mohammed Rahman appeals the district court's order denying Rahman's

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable William H. Stafford, Jr., United States District Judge for the Northern District of Florida, sitting by designation.

motion for class certification in this putative class action against Mott's LLP. We granted Rahman's petition for permission to appeal the district court's interlocutory order on certification, and we affirm.

In this diversity action, Rahman alleges that use of the statement "No Sugar Added" on Mott's 100% Apple Juice does not comply with applicable Food and Drug Administration regulations and, by extension, California's Sherman Law and Unfair Competition Law,[1] which wholly adopt the federal regulations. While asserting that he satisfied the requirements for both an injunction class under Rule 23(b)(2) and a damages class under Rule 23(b)(3), Rahman sought certification under Rule 23(c)(4) with respect to liability issues only.

Rule 23(c)(4) provides that "*[w]hen appropriate*, an action may be brought or maintained as a class action with respect to particular issues." Fed. R. Civ. P. 23(c)(4) (emphasis added). Certification of an issues class under Rule 23(c)(4) is "appropriate" only if it "'materially advances the disposition of the litigation as a whole.'" William B. Rubenstein, 2 Newberg on Class Actions 4:90 (5th ed. 2012) (quoting Manual for Complex Litigation, Fourth, § 21.24 (2004)); *see also Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1229–30 (9th Cir. 1996) (vacating the district court's Rule 23(c)(4) certification order where, among other things, the

---

[1] Cal. Health & Safety Code, §§ 109875–111915 (Sherman Law); Cal. Bus. & Prof. Code, §§ 17200–17210 (Unfair Competition Law).

district court did not address whether adjudication of the certified issues "would significantly advance the resolution of the underlying case").

Rahman bears the burden of demonstrating that a class should be certified under Rule 23. *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). Unconvinced that Rahman met that burden through his motion for class certification, and recognizing that certification of an *issues* class must materially advance resolution of the *entire* case, the district court asked Rahman to provide supplemental briefing as to how damages would be resolved if the liability issues were certified and why certifying a liability-only class would materially advance the litigation.

The district court found little that was helpful in Rahman's supplemental briefing. As noted by the district court, Rahman "failed to articulate why a bifurcated proceeding would be more efficient or desirable" and was "vague as to whether he intends to later certify a damages class, allow class members to individually pursue damages, or ha[d] some other undisclosed plan for resolving this case." Having found Rahman's briefing deficient, the district court denied Rahman's motion to certify a Rule 23(c)(4) class, explaining as follows:

> [A] district court is not bound to certify a liability class merely because it is permissible to do so under Rule 23(b)(3). The language of Rule 23(c)(4) speaks of certifying as to particular issues "when appropriate," meaning that "[c]ourts should use Rule 23(c)(4) only

where resolution of the particular common issues would materially advance the disposition of the litigation as a whole." *Jacob v. Duane Reade, Inc.*, 293 F.R.D. 578, 589 (S.D.N.Y. 2013).

We review a district court's decision to certify a class for abuse of discretion. *Abdullah v. U.S. Sec. Assocs., Inc.*, 731 F.3d 952, 956 (9th Cir. 2013). Here, after giving Rahman ample opportunity to establish that certification of a liability-only class would materially advance the litigation, the district court concluded that Rahman failed to show that certification of a liability-only class was "appropriate" under Rule 24(c)(4). We find that the district court did not abuse its discretion in denying Rahman's motion to certify a liability-only class.

**AFFIRMED.**