**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 6 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: WESTERN STATES WHOLESALE NATURAL GAS ANTITRUST LITIGATION, | No. 17-16227 |
| ------------------------------ | D.C. No. 2:03-cv-01431-RCJ-PAL |
| ARANDELL CORP.; et al., | |
| Plaintiffs-Appellants, | MEMORANDUM and ORDER[*] |
| v. | |
| CANTERA RESOURCES, INC.; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Robert Clive Jones, District Judge, Presiding

Argued and Submitted July 12, 2018
San Francisco, California

Before: GRABER and HURWITZ, Circuit Judges, and LEMELLE,[**] District
Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Ivan L.R. Lemelle, United States District Judge for the
Eastern District of Louisiana, sitting by designation.

The plaintiffs in each of these actions are commercial and industrial purchasers of natural gas, who allege that the defendant natural gas traders conspired between 2000 and 2002 to manipulate prices. The original complaints were filed in various state courts between 2007 and 2010. The defendants removed each case to federal court, invoking diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The cases were consolidated as Multidistrict Litigation (MDL) No. 1566 and transferred to the District of Nevada.

In 2007, this court reversed dismissals premised on the filed rate doctrine in various actions arising out of MDL No. 1566. *Sinclair Oil Corp. v. OneOK Energy Servs. Co., L.P.*, 377 F. App'x 622, 623 (9th Cir. 2010) (unpublished). In 2013, we reversed summary judgment orders in several MDL No. 1566 actions, holding that the Natural Gas Act, 15 U.S.C. § 717 *et seq.*, did not preempt the plaintiffs' state law claims. *See In re W. States Wholesale Nat. Gas Antitr. Litig.*, 715 F.3d 716 (9th Cir. 2013), *aff'd sub nom. Oneok, Inc. v. Learjet, Inc.*, 135 S. Ct. 1591 (2015). This third appeal is from the district court's order denying motions for class certification in four actions. We have appellate jurisdiction under 28 U.S.C. § 1292(e); we vacate and remand to the district court.

1. After citing and quoting caselaw, the district court's order denying class certification devoted only a few sentences to its analysis of why the predominance requirement of Rule 23(b)(3) was not satisfied in the Kansas *Learjet* action. The

2

court then simply incorporated that discussion by reference—without more—into the portions of its order denying class certification in the other three actions. The centerpiece of the district court's brief rationale was that the "class members in these cases are not small consumers whose damages constitute a straightforward calculation" but rather are "sophisticated industrial and commercial consumers who used varying and complex strategies for purchasing natural gas such that it is difficult to calculate their damages in most cases." However, "the amount of damages is invariably an individual question and does not defeat class action treatment." *Yokoyama v. Midland Nat'l Life Ins. Co.*, 594 F.3d 1087, 1094 (9th Cir. 2010) (quoting *Blackie v. Barrack*, 524 F.2d 891, 905 (9th Cir. 1975)).

To the extent that the district court's order can be read as finding that common questions of law or fact did not predominate with respect to antitrust injury, it was similarly sparse. The court simply noted, without citation to the record or further explanation, that "Plaintiffs' own experts have used different methods to calculate injury resulting in disparate estimations of what percentage of class members were even harmed." The court then concluded by stating that "[a]lthough there are some common questions of law and fact, they simply do not predominate over individual issues," without clearly identifying either the common or the individual issues.

The court's terse order with respect to Rule 23(b)(3) predominance does not provide a sufficient analysis to permit us to engage in "[m]eaningful appellate

review." *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1266 (9th Cir. 2010). It is not enough for a district court to "paraphrase" the requirements of Rule 23 and simply "indicate the court's conclusion that those provisions were not satisfied." *Loc. Joint Exec. Bd. of Culinary/Bartender Tr. Fund v. Las Vegas Sands, Inc.,* 244 F.3d 1152, 1161 (9th Cir. 2001). Although we review district court orders denying class certification for abuse of discretion, we cannot perform even that deferential review without determinations keyed to the particular facts and issues in these cases. *See id.* (vacating and remanding the district court's denial of class certification because the district court failed, in the "four operative sentences" of its order, to "explain why the court concluded that the provisions were not satisfied on the facts of this case").

The deficiencies in the district court's order concerning predominance are exacerbated by the failure to acknowledge, let alone discuss, the differences in the governing state laws in the four actions. Those differences are particularly acute with respect to the Wisconsin *Arandell* and *NewPage* actions. Under Wisconsin antitrust law, both direct and indirect purchasers may seek remedies for antitrust injury, Wis. Stat. § 133.18(1)(a), and direct purchasers may seek full disgorgement, *id.* § 133.14. The district court, however, simply incorporated its brief discussion from the portion of its order dealing with the Kansas *Learjet* action when finding an absence of predominance in the Wisconsin action. The district court also failed to discuss

4

differences in the number and nature of the plaintiffs and the defendants in each action, foregoing any analysis, for instance, of how classwide resolution of the issues in the *Breckenridge* action, in which only two defendants remained at the time of this appeal, would differ from the cases involving more defendants.[1]

The plaintiffs ask us to order class certification. We decline to do so. These cases are decades old, with extensive records, and the issue is better analyzed by the district court in the first instance. We therefore vacate the orders denying class certification and remand to the district court to conduct an appropriate analysis of the Rule 23(b)(3) issue in the first instance, with particular focus on the potential differences between each of the four actions.

2. At oral argument, the plaintiffs suggested that, because of differences in state antitrust laws in each of the four actions, the issue of class certification would be considered most appropriately by the transferor courts. The plaintiffs asked that we instruct the district court to request that the Judicial Panel on Multidistrict Litigation ("the Panel") remand the cases to their transferor courts.

There is some facial merit to the plaintiffs' suggestions. If determination of a motion "rests on application of the transferor court's conflicts-of-law and

---

[1] The district court's order is also inconsistent with respect to the typicality requirement of Rule 23(a). The court initially concluded that the claims of the named plaintiffs in the *Learjet* action are "typical of the class members' claims," but later suggested that the typicality requirement was not met.

5

substantive law rules, the transferor judge may be able to decide the motions most efficiently." Manual for Complex Litig., Fourth § 22.36 at 372. We decline, however, to instruct the district judge to request a remand. The authority to order remand to the transferor court lies with the Panel, not with this court or the district court. 28 U.S.C. § 1407(a). The Panel's rules permit the parties to make a request for remand either to the transferee court (whose recommendation the Panel can then consider) or directly to the Panel. Rules of Procedure of the Judicial Panel on Multidist. Litig. 10.1(b). No direction or permission from this court is required for such motions. Indeed, the plaintiffs have previously filed several requests to recommend remand with the district court. *See* Order Denying Remand, *In re W. States Wholesale Nat. Gas Antitr. Litig (MDL 1566)*, No. 2:03-cv-01431-RCJ (PAL) (D. Nev. Aug. 5, 2015), ECF No. 2142; Motion for Suggestion of Remand, *In re W. States Wholesale Nat. Gas Antitr. Litig (MDL 1566)*, No. 2:03-cv-01431-RCJ (PAL) (D. Nev. Jan. 13, 2017), ECF No. 2765; Motion for Suggestion of Remand, *In re W. States Wholesale Nat. Gas Antitr. Litig (MDL 1566)*, No. 2:03-cv-01431-RCJ (PAL) (D. Nev. Sept. 8, 2017), ECF No. 2961. In denying the most recent request, the district court expressly suggested renewal after the mandate issued in this appeal. *See* Order Denying Motion for Suggestion of Remand, *In re W. States Wholesale Nat. Gas Antitr. Litig (MDL 1566)*, No. 2:03-cv-01431-RCJ (PAL) (D. Nev. Nov. 20, 2017), ECF No. 2987. We therefore remand without prejudice to the plaintiffs'

6

pursuing, either before the district court or the Panel, their requests for remand to the transferor courts to decide the class certification motions.

**VACATED and REMANDED.** Costs on appeal awarded to Plaintiffs-Appellants.[2]

---

[2]    Appellee Dynegy's motion for judicial notice, **Dkt. 86,** is **GRANTED.** Appellants' opposed motion to correct the record, **Dkt. 29,** is **DENIED.**