**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: AUTOZONE, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION, _____ JIMMY ELLISON,        Plaintiff-Appellant, v. AUTOZONE INC,        Defendant-Appellee. | No. 17-17533 D.C. Nos. 3:10-md-02159-CRB 3:06-cv-07522-CRB MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

| | |
|---|---|
| MARSHA DOLAND, successor in interest to William Doland; individually and on behalf of all others similarly situated and on behalf of the general public,        Plaintiff-Appellant, v. | No. 18-55273 D.C. No. 8:09-cv-01138-AG-MLG |

     [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

AUTOZONE INC; DOES, 1-25, inclusive,

Defendants-Appellees.

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Argued and Submitted August 6, 2019
San Francisco, California

Before:  O'SCANNLAIN, SILER,[**] and NGUYEN, Circuit Judges.

Plaintiffs Jimmy Ellison and Marsha Doland[1] appeal the district court's denial of class certification, its orders on summary judgment, and its denial of leave to amend the complaint in this class action lawsuit alleging wage and hour violations by AutoZone Inc. ("AutoZone").  Because the facts are known to the parties, we repeat them only as necessary to explain our decision.

I

As an initial matter, AutoZone contends that we lack jurisdiction over this appeal because Ellison and Doland settled their individual claims against AutoZone. But a class representative who voluntarily settles his individual claims may appeal the

_____

[**]     The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

[1] Marsha Doland is the successor in interest to William Doland, a former AutoZone employee.

2

denial of class certification so long as he retains a sufficient personal stake in the class litigation. *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1264–65 (9th Cir. 2010). Because the parties' settlement agreements expressly reserved claims for attorney's fees and costs relating to class certification, Ellison and Doland "maintain[ed] a sufficient personal stake in the class litigation to appeal the district court's denial of class certification." *Id.* at 1265.

AutoZone argues in the alternative that even if we can review the district court's denial of class certification, we lack jurisdiction over Ellison's and Doland's appeal of the court's summary judgment orders, which were not specifically mentioned in the parties' settlement agreements. The language of the agreements, however, does not purport to limit the issues available on appeal, so AutoZone's reliance on the agreements is misplaced. Because the district court entered final judgment, the court's summary judgment orders are subject to appellate review. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1020–23 (9th Cir. 2012).

II

We reject Ellison's and Doland's first contention on appeal—namely, that the district court abused its discretion by decertifying the rest break subclass. Under Federal Rule of Civil Procedure 23(b)(3), a class may not be certified unless "the court finds that the questions of law or fact common to class members predominate over any

3

questions affecting only individual members." In this case, the district court concluded that Ellison and Doland had failed to show the existence of a uniform policy denying class members rest breaks. Specifically, the court highlighted evidence submitted by AutoZone, including (1) statements in AutoZone's 2005 and 2006 employee handbooks that "[rest] breaks are scheduled in accordance with California law"; (2) declarations stating that California's rest break law was posted in AutoZone's stores throughout the class period; (3) a 2011 PowerPoint presentation informing employees of California's rest break requirements; (4) a declaration describing AutoZone's practice of encouraging employees to take breaks every two hours; and (5) declarations by putative class members attesting that they knew they were permitted to take their breaks in accordance with California law. All told, this evidence called into question the existence of a uniform policy that was consistently applied during the class period. Without substantial evidence of such a policy, the district court correctly concluded that it would become necessary to determine in each individual case why a given employee missed a rest break, and that therefore individual, rather than common, questions would predominate. *See In re Wells Fargo Home Mortg. Overtime Pay Litig.*, 571 F.3d 953, 959 (9th Cir. 2009); *Brinker*

4

*Restaurant Corp. v. Superior Court*, 273 P.3d 513, 532, 544 (Cal. 2012).  The district court did not abuse its discretion by decertifying the rest break subclass.[2]

III

Nor did the court abuse its discretion in denying certification of the meal break and off-the-clock subclasses on predominance grounds.  With respect to the meal break subclass, Ellison and Doland presented no evidence of a uniform policy of requiring employees to work through their meal periods.  Without such evidence, the district court's task would have consisted of making individualized determinations regarding why any given employee missed a meal period.  *See Brinker*, 273 P.3d at 544.

Similarly, with respect to the off-the-clock subclass, because AutoZone had a written policy prohibiting off-the-clock work during the class period, a determination of why some employees were under-compensated would have entailed an employee-by-employee analysis.  *See id.*  The district court therefore did not abuse its discretion in concluding that Ellison and Doland failed to show the existence of predominant common questions and properly denied certification of the two subclasses.

----

[2] For a similar reason, we also reject Ellison's and Doland's argument that the district court should have redefined the class period to run from 2008 to 2012 instead of decertifying the class.  Because AutoZone's evidence strongly suggested that there was no uniform policy in place between 2008 and 2012, redefining the class period would not have resolved the predominance issues identified by the district court.

IV

Ellison and Doland next argue that the district court erred by denying their motion for partial summary judgment on the rest break claim. They claim that they were entitled to judgment as a matter of law on the question whether AutoZone had a uniform policy during the class period. But as explained above in part II, AutoZone's evidence suggested the *absence* of any uniform rest break policy during the class period. Viewed in the light most favorable to AutoZone, the non-moving party, such evidence created a genuine issue of material fact regarding the existence of a uniform policy. The district court therefore properly denied the motion for partial summary judgment.

V

Ellison's and Doland's remaining challenges on appeal pertain to claims under California's Private Attorneys General Act ("PAGA"), Cal. Labor Code § 2698 *et seq.*, which "authorizes an employee to bring an action for civil penalties on behalf of the state against his or her employer for Labor Code violations committed against the employee and fellow employees." *Iskanian v. CLS Transp. L.A.*, 327 P.3d 129, 133 (Cal. 2014).

First, they contend that the district court abused its discretion by denying leave to amend the complaint to reassert a cause of action for PAGA penalties. But leave

to amend "need not be granted where the amendment of the complaint would cause the opposing party undue prejudice . . . or creates undue delay." *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (internal quotation marks omitted). Although the First Amended Complaint, filed in 2007, alleged a standalone PAGA cause of action, the Second Amended Complaint deleted such claim two months later. About five years after that, Ellison and Doland sought leave to amend the complaint to reassert their PAGA claim. The district court reasonably concluded that the requested amendment would create both undue delay and undue prejudice to AutoZone, who had been operating with the understanding that only the rest break class claims remained at issue. The court therefore did not abuse its discretion by denying the request.

Because Ellison and Doland dropped their PAGA claim in the Second Amended Complaint, AutoZone was entitled to judgment as a matter of law on the question of PAGA penalties. We therefore reject Ellison's and Doland's second argument that the district court erred by granting summary judgment in favor of AutoZone.

**AFFIRMED.**