**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS J. CAMPION, on behalf of himself and all others similarly situated,<br><br>*Plaintiff-Appellant*,<br><br>v.<br><br>OLD REPUBLIC PROTECTION COMPANY, INC., a California corporation,<br><br>*Defendant-Appellee*. | No. 12-56784<br><br>D.C. No.<br>3:09-cv-00748-JMA-NLS<br><br><br>OPINION |

Appeal from the United States District Court
for the Southern District of California
Jan M. Adler, Magistrate Judge, Presiding

Argued and Submitted
October 10, 2014—Pasadena, California

Filed December 31, 2014

Before: Andrew J. Kleinfeld, Susan P. Graber, and
John B. Owens, Circuit Judges.

Per Curiam Opinion;
Dissent by Judge Owens

## SUMMARY[*]

### Mootness / Class Certification

The panel dismissed, as moot, Douglas Campion's appeal from the district court's order denying his motions for class certification and leave to amend the judgment, and granting Old Republic Protection Company, Inc.'s motion for partial summary judgment in a diversity insurance coverage action.

After the district court granted partial summary judgment in Old Republic's favor, Campion and Old Republic reached a settlement agreement, and the district court granted the parties' joint motion and stipulation for dismissal.

The panel applied the framework in *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1264 (9th Cir. 2010), and held that the appeal was moot because Campion, the putative class representative, had no financial interest or other personal interest whatsoever in class certification, and he lacked a personal stake where he had voluntarily settled his individual claims. The panel held that although Campion expressly retained his right to appeal the putative class claims, that fact made no difference.

Judge Owens dissented from the majority's holding that the appeal was moot, and he would hold that Campion's appeal remained viable, even though he voluntarily settled his individual claims, because he retained a personal stake in the outcome – litigating like a private attorney general on behalf

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

of the proposed class.  Judge Owens would reach the merits and hold that Campion lacked standing to pursue injunctive relief, and that the district court correctly denied class certification.

## COUNSEL

Yury A. Kolesnikov (argued) and Francis A. Bottini, Jr. (briefed), Bottini & Bottini, Inc., La Jolla, California, for Plaintiff-Appellant.

Jay N. Varon (argued), Foley & Lardner LLP, Washington, D.C.; Tammy H. Boggs (briefed), Foley & Lardner LLP, San Diego, California, for Defendant-Appellee.

## OPINION

PER CURIAM:

Douglas J. Campion appeals the district court's orders denying his motion for class certification, denying his motion for leave to amend his complaint, and granting Defendant Old Republic's motion for partial summary judgment.  For the reasons that follow, we dismiss Campion's appeal as moot.

Campion brought a class action against Old Republic, alleging several causes of action, including breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the California Consumers Legal Remedies Act, and violations of the California Unfair Competition Law.  In essence, Campion alleges that Old Republic, a company that sells home warranty plans,

arbitrarily denied claims made by him and a putative class of similarly situated policyholders of Old Republic plans, or otherwise cheated him and this class out of benefits owed under their policies.

Following the filing of this action and several years of motion practice, the district court denied Campion's motion to certify a class of Old Republic policyholders and later granted Old Republic's motion for partial summary judgment on Campion's claims under the California Consumers Legal Remedies Act. Those orders, as well as the district court's order denying Campion leave to amend his complaint after the deadline, are now being appealed by Campion. But those orders are not being appealed because there was a trial on the merits or some dispositive motion filed. Nor is the case up on appeal because Campion sought an interlocutory appeal.

Rather, after the district court granted partial summary judgment in Old Republic's favor, Campion and Old Republic reached a settlement agreement and filed a joint motion and stipulation for dismissal with the district court. In that motion and stipulation for dismissal, Campion and Old Republic agreed to dismiss with prejudice Campion's individual claims in exchange for the full amount of those claims. The parties also agreed to dismiss without prejudice "any class action claims and representative claims" under the Unfair Competition Law, one of several sets of claims alleged in Campion's complaint.

Campion agreed to dismiss the putative class claims without prejudice but reserved whatever right to appeal it that he had. The joint motion and stipulation for dismissal reads, in part, "Plaintiff expressly reserves the right to appeal the Court's order denying class certification, the order precluding

Plaintiff from pursuing injunctive relief under the [Unfair Competition Law] claim . . . and any other order in the case." The district court granted the joint motion and stipulation for dismissal, and Campion brought this appeal to seek review of the district court's various orders.

We do not reach the merits of any of the district court's orders, because the appeal is moot. After the rulings in Old Republic's favor and before Campion's appeal, the parties settled all of Campion's individual claims. Campion expressly released all of his claims against Old Republic. Although Campion expressly retained his right to appeal the putative class claims, that fact makes no difference.

The test for whether an appeal is moot after the putative class representative voluntarily settles his individual claims is whether the class representative retains a personal stake in the case. *Narouz v. Charter Commc'ns, LLC*, 591 F.3d 1261, 1264 (9th Cir. 2010). Campion argues that he has a personal stake in getting the class certified because he maintains an interest in the matter as a private attorney general. Our case law, however, requires a more concrete interest. We have found jurisdiction over an appeal of a denial of class certification, after the putative class representative settled his individual claims, *only* where the putative class representative maintained a financial interest in class certification.

In *Narouz*, our leading case on this issue, we held that an appeal is not rendered moot after the putative class representative voluntarily settles his individual claims if the class representative retains a personal stake that is financial in nature. In *Narouz*, the putative class representative signed a "Confidential Settlement Agreement and Release," providing for the full settlement and release of his claims.

591 F.3d at 1263.  Later, the putative class representative sought class certification for settlement purposes only, but the district court denied the motion for class certification.  *Id.* at 1263–64.  Following the district court's denial of that motion, the class representative filed a stipulation and request for dismissal with prejudice as to all of his individual claims, pursuant to the settlement agreement.  *Id.* at 1264.  The district court entered an order terminating the case the next day, and the class representative appealed the denial of class certification.  *Id.*

In analyzing whether the appeal was moot in *Narouz*, we considered whether the putative class representative had a concrete personal stake.  *Id.* at 1265. We specifically noted the class representative's "obvious financial interest in obtaining a reversal of the district court's decision." *Id.* The class representative "retain[ed] a continued financial interest in the advancement of the class claims, because [he] [was] to receive an award enhancement fee ($20,000) were the court to approve the settlement." *Id.* That is to say, if Narouz won for the class on appeal, he would get $20,000 on top of what he already had been paid.

We applied *Narouz* in *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015 (9th Cir. 2012).  In *Evon*, 688 F.3d at 1020, the plaintiff settled her substantive claim, but not the amount of her attorney's fees award.  She had claimed more than $90,000, obtained only $2,301.95 in district court, and won a remand on appeal on the attorney's fees issue.  *Id.* at 1020, 1032–34.  Her personal stake was indicated by our remand for a recalculation, which might have been worth almost $100,000 to her.  *Id.* at 1032–34.

In considering whether the plaintiff retained a "personal stake" in the class claim sufficient to defeat the defendant's argument that the appeal was moot, we held that the issue "turns on the language of her settlement agreement." *Id.* at 1021. We then block-quoted the settlement agreement. *Id.* at 1021–22. The second of the two provisions in the settlement agreement set forth the plaintiff's right to recover attorney's fees which, as noted, were disputed on appeal. *Id.* Because the plaintiff retained a financial interest on appeal, we had no occasion to address a situation where, as here, the plaintiff lacked a financial interest.

Applying the *Narouz* framework here, the appeal is moot because Campion has no financial interest or other personal interest whatsoever in class certification. The papers and oral argument make it clear that, no matter what happens on appeal, Campion would not get a penny more. Campion does not stand to gain compensation for his claims because, under the terms of the settlement, he received their full value. He settled attorney's fees and costs as well as his damages.

Campion cites *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081 (9th Cir. 2011), and *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388 (1980), for support, but those cases are consistent with our analysis. In each of those cases, the plaintiff's individual claims expired *involuntarily*. When that happens, the theoretical interest akin to a private attorney general may, in some circumstances, suffice to meet Article III requirements. But when the plaintiff *voluntarily* settles his or her individual claims, we have found no case that has held that the "private attorney general" interest suffices; all cases look to whether the plaintiff has the requisite financial, or otherwise personal, stake in the outcome of the class claims. Indeed, we noted this same distinction between voluntary and

involuntary expiration of individual claims in *Evon*, 688 F.3d at 1021. We referred to "whether a named plaintiff retained jurisdiction to appeal a denial of class certification after his or her claims *involuntarily* expired" as a "related question" to what happens when a plaintiff voluntarily settles the individual claims. *Id.*

Campion concedes that he has no financial or other personal interest in class certification. Because he settled his individual claims, Campion lacks a personal stake in this appeal. His appeal, therefore, must be dismissed as moot.

**Appeal DISMISSED as moot.**

OWENS, Circuit Judge, dissenting:

While I agree with the ultimate result in this case— Campion loses—I dissent from the majority's holding that the appeal is moot. Under our current precedent, Campion's appeal remains viable, even if he has voluntarily settled his individual claims, as he retained a personal stake in the outcome—litigating like a private attorney general on behalf of the proposed class.

The majority holds that when a named plaintiff voluntarily settles his claim and no longer has a personal *financial* stake in the litigation, he lacks Article III standing to act on behalf of the class. But, according to the majority, a plaintiff whose financial interest expires involuntarily retains Article III standing. *See* Majority at 5–8.

In *Narouz v. Charter Communications, LLC*, we held "that when a class representative voluntarily settles his or her individual claims, but specifically retains a personal stake as identified by [*United States Parole Commission v. Geraghty*, 445 U.S. 388 (1980)], and [*Deposit Guaranty National Bank v. Roper*, 445 U.S. 326 (1980)], he or she retains jurisdiction to appeal the denial of class certification." 591 F.3d 1261, 1264 (9th Cir. 2010). As I understand the settlement in this case, that is what Campion did—he reserved the right to appeal the order denying class certification to act like a private attorney general. The majority reads a "financial-in-nature" limitation on the personal stake language in *Narouz*. While a personal stake can be and usually is financial in nature, nothing in *Narouz* or any other Ninth Circuit case that the majority cites *requires* the personal stake to be financial.

Courts have recognized a personal stake as including the vindication of the class's interests, the procedural right to represent a class, and the right to pursue class-wide injunctive relief. *See, e.g.*, *Geraghty*, 445 U.S. at 403–05; *Cameron-Grant v. Maxim Healthcare Servs., Inc.*, 347 F.3d 1240, 1246–47 (11th Cir. 2003); *Rosetti v. Shalala*, 12 F.3d 1216, 1226–27 (3d Cir. 1993); *Love v. Turlington*, 733 F.2d 1562, 1564–65 (11th Cir. 1984); *McLaughlin v. Hoffman*, 547 F.2d 918, 920–21 (5th Cir. 1977). We have held that a plaintiff whose individual claims become moot may appeal the denial of class certification so long as he retains "*either* an individual economic interest . . . *or* a private-attorney-general-like interest in having a class certified if the requirements of Rule 23 are met . . . ." *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1090 (9th Cir. 2011) (emphases added).

Nor does our case law suggest that Article III standing to appeal class claims turns on the voluntariness of the dismissal of the individual claims.  In *Evon v. Law Offices of Sidney Mickell*, which the majority cites to support its distinction between voluntary and involuntary dismissals, we actually declined to adopt that distinction, reasoning instead that when a plaintiff settles and voluntarily dismisses his or her individual claims after the denial of class certification, we retain jurisdiction to consider the class certification decision so long as the language of the settlement agreement cannot "be read to release [the] class claims."  688 F.3d 1015, 1022 (9th Cir. 2012).  Because the settlement agreement here expressly reserved Campion's class claims, *Evon* rejected the result the majority adopts.

The majority reasons that the appeal in *Evon* was not moot because we remanded that case for a recalculation of the plaintiff's attorney's fees award.  *See* Majority at 6.  However, we did not suggest in *Evon* that our jurisdiction turned on the potential for an increased fee award, and such a holding would not have made sense when attorney's fees "are but an ancillary matter" for which jurisdiction exists "even when the underlying case is moot."  *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1329 (9th Cir. 1999).  Moreover, the fees awarded in *Evon* pertained to the plaintiff's "*individual* claim," 688 F.3d at 1020 (emphasis added), and therefore could not have constituted "a financial interest in class certification."  Majority at 5.

I read Article III's evolution since 1980 to suggest that the Supreme Court someday will hold that a plaintiff who voluntarily settles his claim must retain a financial stake in the litigation to serve as a class representative—the "private-attorney-general-like" interest will not be enough.  *See, e.g.*,

*Gollust v. Mendell*, 501 U.S. 115, 125–26 (1991) (recognizing that "if a security holder were allowed to maintain a § 16(b) action after he had lost any financial interest in its outcome, there would be serious constitutional doubt whether that plaintiff could demonstrate the standing required by Article III's case-or-controversy limitation on federal court jurisdiction"). In my view, the Supreme Court should answer the question left open in *Geraghty*, 445 U.S. at 404 n.10. *See, e.g.*, *Rhodes v. E.I. du Pont de Nemours & Co.*, 636 F.3d 88, 100 (4th Cir. 2011) (recognizing circuit split on issue). But unless and until it does, I read our precedent differently than my colleagues do.

This discussion is more academic than meaningful to Campion, as I still think he loses. Unlike the majority, I would reach the merits and hold that (1) Campion lacks standing to pursue injunctive relief because his contract with Old Republic expired before he filed suit, *see Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998, 1021–22 (9th Cir. 2004), and (2) the district court correctly denied class certification because Campion cannot represent an injunctive-relief class when he lacks standing to pursue an injunction, *see Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1045 (9th Cir. 1999) (en banc).