PER CURIAM Opinion; Dissent by Judge OWENS.
OPINION
PER CURIAM:
Douglas J. Campion appeals the district court’s orders denying his motion for class certification, denying his motion for leave to amend his complaint, and granting Defendant Old Republic’s motion for partial summary judgment. For the reasons that follow, we ’dismiss Campion’s appeal as moot.
Campion brought a class action against Old Republic, alleging several causes of action, including breach of contract, breach of the implied covenant of good faith and fair dealing, violations of the California Consumers Legal Remedies Act, and violations of the California Unfair Competition Law. In essence, Campion alleges that Old Republic, a company that sells home warranty plans, arbitrarily denied claims made by him and a putative class of similarly situated policyholders of Old Republic plans, or otherwise cheated him and this class out of benefits owed under their policies.
Following the filing of this action and several years of motion practice, the district court denied Campion’s motion to certify a class of Old Republic policyholders and later granted Old Republic’s motion for partial summary judgment on Cam-pion’s claims under the California Consumers Legal Remedies Act. Those orders, as well as the district court’s order denying Campion leave to amend his complaint after the deadline, are now being appealed by Campion. But those orders are not being appealed because there was a trial on the merits or some dispositive motion filed. Nor is the case up on appeal because Campion sought an interlocutory appeal.
Rather, after the district court granted partial summary judgment in Old Republic’s favor, Campion and Old Republic reached a settlement agreement and filed a joint motion and stipulation for dismissal with the district court. In that motion and stipulation for dismissal, Campion and Old Republic agreed to dismiss with prejudice Campion’s individual claims in exchange for the full amount of those claims. The parties also agreed to dismiss without prejudice “any class action claims and representative claims” under the Unfair Competition Law, one of several sets of claims alleged in Campion’s complaint.
Campion agreed to dismiss the putative class claims without prejudice but reserved whatever right to appeal it that he had. The joint motion and stipulation for dismissal reads, in part, “Plaintiff expressly reserves the right to appeal the Court’s order denying class certification, the order precluding Plaintiff from pursuing injunc-tive relief under the [Unfair Competition Law] claim ... and any other order in the case.” The district court granted the joint motion and stipulation for dismissal, and Campion brought this appeal to seek review of the district court’s various orders.
We do not reach the merits of any of the district court’s orders, because the appeal is moot. After the rulings in Old Republic’s favor and before Campion’s appeal, the parties settled all of Campion’s *1146 individual claims. Campion expressly released all of his claims against Old Republic. Although Campion expressly retained his right to appeal the putative class claims, that fact makes no difference.
The test for whether an appeal is moot after the putative class representative voluntarily settles his individual claims is whether the class representative retains a personal stake in the case. Narouz v. Charter Commc’ns, LLC, 591 F.3d 1261, 1264 (9th Cir.2010). Campion argues that he has a personal stake in getting the class certified because he maintains an interest in the matter as a private attorney general. Our case law, however, requires a more concrete interest. We have found jurisdiction over an appeal of a denial of class certification, after the putative class representative settled his individual claims, only where the putative class representative maintained a financial interest in class certification.
In Narouz, our leading ease on this issue, we held that an appeal is not rendered moot after the putative class representative voluntarily settles his individual claims if the class representative retains a personal stake that is financial in nature. In Narouz, the putative class representative signed a “Confidential Settlement Agreement and Release,” providing for the full settlement and release of his claims. 591 F.3d at 1263. Later, the putative class representative sought class certification for settlement purposes only, but the district court denied the motion for class certification. Id. at 1263-64. Following the district court’s denial of that motion, the class representative filed a stipulation and request for dismissal with prejudice as to all of his individual claims, pursuant to the settlement agreement. Id. at 1264. The district court entered an order terminating the case the next day, and the class repre-. sentative appealed the denial of class certification. Id.
In analyzing whether the appeal was moot in Narouz, we considered whether the putative class representative had a concrete personal stake. Id. at 1265. We specifically noted the class representative’s “obvious financial interest in obtaining a reversal of the district court’s decision.” Id. The class representative “retain[ed] a continued financial interest in the advancement of the class claims, because [he][was] to receive an award enhancement fee ($20,-000) were the court to approve the settlement.” Id. That is to say, if Narouz won for the class on appeal, he would get $20,000 on top of what he already had been paid.
We applied Narouz in Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015 (9th Cir.2012). In Evon, 688 F.3d at 1020, the plaintiff settled her substantive claim, but not the amount of her attorney’s fees award.' She had claimed more than $90,000, obtained only $2,301.95 in district court, and won a remand on appeal on the attorney’s fees issue. Id. at 1020, 1032-34. Her personal stake was indicated by our remand for a recalculation, which might have been worth almost $100,000 to her. Id. at 1032-34.
In considering whether the plaintiff retained a “personal stake” in the class claim sufficient to defeat the defendant’s argument that the appeal was moot, we held that the issue “turns on the language of her settlement agreement.” Id. at 1021. We then block-quoted the settlement agreement. Id. at 1021-22. The second of the two provisions in the settlement agreement set forth the plaintiffs right to recover attorney’s fees which, as noted, were disputed on appeal. Id. Because the plaintiff retained a financial interest on appeal, we had no occasion to address a *1147 situation where, as here, the plaintiff lacked a financial interest.
Applying the Narouz framework here, the appeal is moot because Campion has no financial interest or other personal interest whatsoever in class certification. The papers and oral argument make it clear that, no matter what happens on appeal, Campion would not get a penny more. Campion does not stand to gain compensation for his claims because, under the terms of the settlement, he received their full value. He settled attorney’s fees and costs as well as his damages.
Campion cites Pitts v. Terrible Herbst, Inc., 653 F.3d 1081 (9th Cir.2011), and U.S. Parole Comm’n v. Geraghty, 445 U.S. 388, 100 S.Ct. 1202, 63 L.Ed.2d 479 (1980), for support, but those cases are consistent with our analysis. In each of those cases, the plaintiffs individual claims expired involuntarily. When that happens, the theoretical interest akin to a private attorney general may, in some circumstances, suffice to meet Article III requirements. But when the plaintiff voluntarily settles his or her individual claims, we have found no case that has held that the “private attorney general” interest suffices; all cases look to whether the plaintiff has the requisite financial, or otherwise personal, stake in the outcome of the class claims. Indeed, we noted this same distinction between voluntary and involuntary expiration of individual claims in Evon, 688 F.3d at 1021. We referred to “whether a named plaintiff retained jurisdiction to appeal a denial of class certification after his or her claims involuntarily expired” as a “related question” to what happens when a plaintiff voluntarily settles the individual claims. Id.
Campion concedes that he has no financial or other personal interest in class certification. Because he settled his individual claims, Campion lacks a personal stake in this appeal. His appeal, therefore, must be dismissed as moot.
Appeal DISMISSED as moot.