FILED

DEC 7 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SILKEN BROWN and MARIO DE LA ROSA, individually and on behalf of other members of the general public similarly situated and as aggrieved employers pursuant to the Private Attorneys General Act ("PAGA"), <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> CINEMARK USA, INC. and CENTURY THEATRES, INC., <br><br> Defendants-Appellees. | No.    16-15377 <br><br> D.C. No. 3:13-cv-05669-WHO <br><br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Argued and Submitted October 12, 2017
San Francisco, California

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: THOMAS, REINHARDT, and O'MALLEY,[**] Circuit Judges.

Plaintiffs Brown and De La Rosa appeal the district court's dismissal of Brown's individual Private Attorney General Act ("PAGA") claim, denial of class certification, and denial of leave to amend the complaint. We have jurisdiction pursuant to 28 U.S.C. § 1291. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here. We reverse and remand.

We review the district court's determination of a failure to exhaust administrative remedies de novo. *Bak v. Postal Serv., (U.S.)*, 52 F.3d 241, 243 (9th Cir. 1995). We review the district court's denial of class certification of Plaintiffs' direct wage statement claims de novo because the judgment was based on the pleadings rather than a Rule 23 analysis. *Yokoyama v. Midland Nat. Life Ins. Co.*, 594 F.3d 1087, 1091–92 (9th Cir. 2010).

Given the import of *Williams v. Superior Court*, 3 Cal. 5th 531 (2017), a case decided after the district court issued its order, the district court erred in dismissing Brown's individual PAGA claim for failure to exhaust administrative remedies. Brown's PAGA letter pleaded facts and theories sufficient to put

---

[**] The Honorable Kathleen M. O'Malley, United States Circuit Judge for the U.S. Court of Appeals for the Federal Circuit, sitting by designation.

Defendants and the California Labor and Workforce Development Agency on notice for potential investigation, which satisfies the policy goal of California Labor Code § 2699.3(a). "California public policy favors the effective vindication of consumer protections. . . . Hurdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives." *Williams*, 3 Cal. 5th at 548. As the California Supreme Court further noted in *Williams*, "Nothing in Labor Code section 2699.3, subdivision (a)(1)(A), indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing." *Id.* at 545.

The district court also erred in denying class certification on the basis of the pleadings. Because the pleadings put Defendants on sufficient notice of California Labor Code § 226(a) violations, whether direct or derivative, Plaintiffs' pleadings merit a Rule 23 analysis for their direct wage claims. Therefore, we must vacate the order and remand for the district court to conduct a Rule 23 analysis.

We need not, and do not, decide any other issue presented by this case, including the impact, if any, of *Campion v. Old Republic Protection Co.*, 775 F.3d 1144 (9th Cir. 2014).

**REVERSED and REMANDED.**