**NOT FOR PUBLICATION**

FILED

JUN 08 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WILLIAM PHILIPS, individually and on behalf of all others similarly situated; et al.,<br><br>       Plaintiffs-Appellants,<br><br> v.<br><br>FORD MOTOR COMPANY,<br><br>       Defendant-Appellee. | No.   17-15323<br><br>D.C. No. 5:14-cv-02989-LHK<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted May 18, 2018[**]
San Francisco, California

Before:  N.R. SMITH and FRIEDLAND, Circuit Judges, and LYNN,[***] Chief District Judge.

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

    [***]     The Honorable Barbara M. G. Lynn, Chief United States District Judge for the Northern District of Texas, sitting by designation.

William Philips, Jaime Goodman, and Alison Colburn (collectively "Appellants") appeal the dismissal of their California state law claims, the exclusion of their expert witness economist, and the denial of class certification. We affirm.

1. Appellants abandoned their individual claims on appeal. Appellants' opening brief never asserts error in the district court's adverse summary judgment ruling on Appellants' individual claims. Indeed, Appellants failed even to ask for reversal of the summary judgment ruling, waiving any claim of error and mooting the remaining claims. *See United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005).

2. Permissible exclusion of Appellants' economic expert. Even assuming Appellants' briefing on the exclusion of their economic expert, Dr. Arnold, could be understood as implicitly challenging the summary judgment ruling on their individual claims, the district court did not abuse its discretion in excluding Dr. Arnold's testimony and report. To be admissible, an expert's testimony must be "based on sufficient facts or data," be "the product of reliable principles and methods," and "reliably appl[y] the relevant principles and methods to the facts of the case." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1043 (9th Cir. 2014) (citing Fed. R. Evid. 702). Dr. Arnold's analysis did not apply the expected

utility theory outlined in his report. Accordingly, the district court permissibly excluded Dr. Arnold's testimony, because the methodology he did apply (in reaching his conclusion) was not demonstrably reliable under any of the relevant criteria: "testability, publication in peer-reviewed literature, known or potential error rate, and general acceptance." *City of Pomona*, 750 F.3d at 1044. Accordingly, Appellants' arguments with respect to class certification are moot, because the proper dismissal of their individual claims leaves them without a stake in the outcome of the proceedings. *See, e.g.*, *Campion v. Old Republic Prot. Co.*, 775 F.3d 1144, 1146 (9th Cir. 2014) (holding that putative class representatives lack of "financial interest in class certification" moots an appeal of the certification issue).

3. <u>Denial of motion to file supplemental damages report.</u> Even assuming the district court abused its discretion in denying leave to file a renewed class certification motion with a new damages analysis, Appellants waived any basis to challenge this decision when they declined the opportunity to submit a new damages analysis on the individual claims. Instead, Appellants rested on Dr. Arnold's original report, accepted an adverse judgment on their individual claims, and appealed. Because Dr. Arnold's report was properly excluded, Appellants

cannot succeed in overturning summary judgment on their individual claims, thus mooting any issues relating to class certification. *Campion*, 775 F.3d at 1146.

4. Dismissal of the injunctive relief claims was proper. The equitable remedies available under the Unfair Competition Law (UCL) and the Consumer Legal Remedies Act are "subject to fundamental equitable principles, including inadequacy of the legal remedy." *Prudential Home Mortg. Co. v. Superior Court*, 78 Cal. Rptr. 2d 566, 573 (Ct. App.), *as modified on denial of reh'g* (Oct. 29, 1998) (deeming alternative "statutory remedies . . . adequate" and "precluding equitable relief under the Business and Professions Code"); *cf. Cortez v. Purolator Air Filtration Prods. Co.*, 999 P.2d 706, 717 (Cal. 2000) ("[E]quitable defenses may be considered by the court when the court exercises its discretion over which, *if any*, remedies authorized by [the UCL] should be awarded." (emphasis added)). Accordingly, the district court correctly determined that Appellants were required to plead the inadequacy of their legal remedies to state a claim for injunctive relief. Appellants do not challenge the district court's holding that their complaint failed to plausibly state the inadequacy of their legal remedies, so they have waived any argument that they alleged sufficient facts to plausibly establish the inadequacy of their legal remedies. *See Kama*, 394 F.3d at 1238.

**AFFIRMED.**