**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 13 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DANIEL F.; SHAN O.; GEOFFREY F., individually and as representatives of the class of similarly situated individuals, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> BLUE SHIELD OF CALIFORNIA; OGDEMLI/FELDMAN DESIGN GROUP BENEFIT PLAN, <br><br> Defendants-Appellees. | No.    16-15574 <br><br> D.C. No. 4:09-cv-02037-PJH <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Phyllis J. Hamilton, Chief Judge, Presiding

Argued and Submitted October 13, 2017
San Francisco, California

Before:  TASHIMA and BYBEE, Circuit Judges, and LEITMAN,[**] District Judge.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Matthew Frederick Leitman, United States District Judge for the Eastern District of Michigan, sitting by designation.

Plaintiffs-Appellants Daniel F., Shan O., and Gregory F. appeal the district court's denial of class certification and denial of leave to file a renewed motion for class certification. The parties are familiar with the facts and proceedings, and we will not restate them here.

We doubt that the district court abused its discretion in denying class certification. Plaintiffs-Appellants failed to submit with their motion important deposition testimony upon which some of their central contentions depended, and their proposed class definition was plagued with uncertainty. Likewise, it seems that the district court appropriately declined to permit Plaintiffs-Appellants to file a renewed motion for class certification. It does not appear that the proposed renewed motion sufficiently cured the flaws that led the court to deny certification in the first instance.

But we cannot decide this appeal on the merits because it is moot. When a named plaintiff's individual claim becomes moot after class certification is denied, we sometimes permit that plaintiff to appeal the adverse class certification ruling, provided that he retains a stake in the appeal. *See Campion v. Old Republic Prot. Co., Inc.,* 775 F.3d 1144, 1145-48 (9th Cir. 2014) (per curiam). This stake may be financial, or it may be a private-attorney-general-like interest in class certification. *See id.* On the particular facts presented here, we are not persuaded that Plaintiffs-

Appellants retain a stake in the outcome of their appeal of the district court's order denying class certification.  Accordingly, this appeal is **DISMISSED** as moot.