Filed 12/21/20

<u>CERTIFIED</u> <u>FOR</u> <u>PUBLICATION</u>

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| MIGUEL ANGEL ROJAS-CIFUENTES, | C085463 |
| Petitioner, | (Super. Ct. No. STKCVUOE20150007793) |
| v. | |
| THE SUPERIOR COURT OF SAN JOAQUIN COUNTY, | |
| Respondent; | |
| AMERICAN MODULAR SYSTEMS, INC., | |
| Real Party in Interest. | |

ORIGINAL PROCEEDING in mandate.  Petition granted.  F. Clark Sueyres, Jr., Judge.

Mallison & Martinez, Marco A. Palau, Hilary Hammell, Eric S. Trabucco for Petitioner.

No appearance for Respondent.

Boutin Jones Inc., Bruce M. Timm, Kimberly A. Lucia, Andrew M. Ducart for Real Party in Interest.

1

Miguel Angel Rojas-Cifuentes (Rojas) brought this representative action against his former employer, American Modular Systems, Inc. (American Modular or AMS), on behalf of himself, other former and current employees of American Modular, and the State of California.  Relevant here, relying on the Labor Code Private Attorneys General Act of 2004 (PAGA; Lab. Code, § 2698 et seq.),[1] Rojas seeks to recover civil penalties for labor violations that American Modular allegedly committed against its nonexempt employees.

The trial court, however, rejected Rojas's PAGA claim following American Modular's motion for summary adjudication.  As the court noted, those seeking to bring PAGA causes of action must, before filing suit, provide notice to a certain state agency of the laws the employer allegedly violated and the "facts and theories" supporting those allegations.  But, the court found, Rojas failed to satisfy this threshold requirement.  In particular, although the court found Rojas provided written notice to the state before he filed suit, it found his notice failed to include sufficient facts and theories to support his claims.  It thus rejected his PAGA cause of action for failure to exhaust administrative remedies.

After Rojas filed a petition for writ of mandate seeking to set aside the court's decision, we directed American Modular to show cause why the writ should not be issued.  Because, unlike the trial court, we find Rojas's PAGA notice supplied sufficient facts and theories to support at least some of his claims, we now issue a writ of mandate directing the trial court to set aside its order granting American Modular's motion for summary adjudication.

---

[1] Further undesignated statutory references are to the Labor Code.

BACKGROUND

Rojas was a former employee of American Modular who was terminated in August of 2014. Shortly after, he sought to bring a representative action against American Modular under PAGA—a law that authorizes employees who have been the subject of certain Labor Code violations to file representative actions on behalf of themselves and other aggrieved employees. (§ 2699.)

Before bringing a PAGA action, however, Rojas first needed to provide notice to American Modular and the Labor and Workforce Development Agency "of the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation." (§ 2699.3, subds. (a)(1)(A), (c)(1)(A).) To that end, Rojas sent a letter in August of 2015 to American Modular and the Labor and Workforce Development Agency in which he alleged that American Modular "systematic[ally] fail[ed] to pay current and former California non-exempt employees of AMS in conformance with [certain California laws]." He alleged that the "core" of these violations concerned "the systematic failure to keep accurate time and payroll records, and systematic failure to compensate employees for substantial portions of their workday." He then detailed eight specific labor laws that American Modular allegedly violated through this conduct. For example, he asserted that American Modular violated "minimum and overtime wage[] [laws] by failing to compensate for all hours worked" because it "requir[ed] or knowingly permitt[ed] employees to work before and after the shift without compensation, unlawfully round[ed] employee time to the detriment of the employee, [failed to compensate for time spent] donning and doffing, automatically deduct[ed] 30 minutes for meal periods not taken or meal periods that last less than 30 minutes, and manipulat[ed] time to avoid overtime compensation and compensation for all hours worked." At the close of his letter, Rojas noted that he intended to file a civil action against American Modular under PAGA unless the Labor and Workforce Development Agency brought its own action.

3

Shortly after sending the letter, Rojas filed a complaint against American Modular that included a PAGA claim, several non-PAGA class action claims, and an individual claim. Rojas's PAGA claim was premised on the eight violations that he alleged in his letter to the Labor and Workforce Development Agency.

A year later, American Modular filed a motion for summary adjudication, contending that Rojas's PAGA cause of action failed as a matter of law. It reasoned that "summary adjudication in favor of AMS on [Rojas's PAGA] Cause of Action is proper because the Court lacks jurisdiction over [Rojas's] PAGA claim due to [Rojas's] failure to satisfy PAGA's administrative exhaustion requirement." In particular, American Modular contended, Rojas's PAGA notice fell short of satisfying administrative exhaustion requirements because it failed to allege any "facts and theories" supporting Rojas's claims.

The trial court agreed, finding that Rojas failed to allege sufficient "facts and theories" in his PAGA notice for three reasons. First, it found five of the eight paragraphs in Rojas's PAGA notice that detailed American Modular's alleged violations "[we]re merely statements of the statute or statements which 'mimic' the statute." Second, it found Rojas was too "non-specific as to who was harmed by the alleged violations." And third, it noted that Rojas's notice "contain[ed] no allegations as to [his] status[,] failing to even identify [Rojas] as a current or former employee." For these reasons, the court concluded that Rojas "failed to exhaust his administrative remedies by failing to provide the employer with sufficient notice." It thus granted American Modular's motion. It also granted Rojas leave to amend his complaint.

After Rojas sought writ review of the court's decision, we directed American Modular to show cause why the writ should not be issued.[2]

---

[2] Both parties ask that we take judicial notice of documents filed after the trial court's decision. American Modular asks that we take judicial notice of Rojas's second

4

## DISCUSSION

"The Legislature enacted PAGA to remedy systemic underenforcement of many worker protections. This underenforcement was a product of two related problems. First, many Labor Code provisions contained only criminal sanctions, and district attorneys often had higher priorities. Second, even when civil sanctions were attached, the government agencies with existing authority to ensure compliance often lacked adequate staffing and resources to police labor practices throughout an economy the size of California's." (*Williams v. Superior Court* (2017) 3 Cal.5th 531, 545 (*Williams*).) The Legislature's solution to these two problems was to "adopt[] a schedule of civil penalties ' "significant enough to deter violations" ' for those provisions that lacked existing noncriminal sanctions," and to "deputiz[e] employees harmed by labor violations to sue on behalf of the state and collect penalties, to be shared with the state and other affected employees." (*Ibid.*)

Our focus in this case is on PAGA's administrative exhaustion requirements for these "deputize[d] employees." Before filing a PAGA suit, "an aggrieved employee acting on behalf of the state and other current or former employees must provide notice to the employer and the [Labor and Workforce Development Agency] 'of the specific provisions of [the Labor Code] alleged to have been violated, including the facts and theories to support the alleged violation.' (Lab. Code, § 2699.3, subd. (a)(1)(A); see *id.*, subd. (c)(1)(A) [same].)" (*Williams*, *supra*, 3 Cal.5th at p. 545.) We consider here whether the notice Rojas provided to comply with this requirement was so deficient of "facts and theories" that it could not support any part of his PAGA cause of action. Unlike the trial court, we find it was not.

---

amended complaint, and Rojas asks that we take judicial notice of American Modular's demurrer to that complaint. We grant both requests. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)

To explain why, we consider first several recent cases discussing the amount of "facts and theories" required in a PAGA notice. We start with the California Supreme Court's decision in *Williams*, a case that "concern[ed] the appropriate scope of discovery in a PAGA action." (*Williams*, *supra*, 3 Cal.5th at p. 540.) As the court explained there, "[t]he evident purpose of the notice requirement is to afford the relevant state agency, the Labor and Workforce Development Agency, the opportunity to decide whether to allocate scarce resources to an investigation, a decision better made with knowledge of the allegations an aggrieved employee is making and any basis for those allegations." (*Id.* at pp. 545-546.) But as the court demonstrated, a PAGA notice need not be exhaustive to serve that purpose. The defendant in that case, taking a contrary view, interpreted PAGA's notice requirement—and in particular, the requirement to allege "facts and theories"—"as imposing a requirement that an aggrieved employee seeking to pursue civil penalties on behalf of other current or former employees must have some modicum of substantial proof before proceeding with [a civil suit and] discovery." (*Id.* at p. 545.) But the *Williams* court rejected that reading. "Nothing in Labor Code section 2699.3, subdivision (a)(1)(A)," the court found, "indicates the 'facts and theories' provided in support of 'alleged' violations must satisfy a particular threshold of weightiness, beyond the requirements of nonfrivolousness generally applicable to any civil filing. (See Code Civ. Proc., § 128.7.)" (*Id.* at p. 545.) "Moreover," the court added, "to insert such a requirement into PAGA would undercut the clear legislative purposes the act was designed to serve." (*Id.* at p. 546.) The Legislature, the court explained, "sought to remediate present violations and deter future ones." (*Ibid.*) And "[t]hese purposes," the court concluded, "would be ill served by presuming, notwithstanding the failure explicitly to so indicate in the text, that deputized aggrieved employees must satisfy a PAGA-specific heightened proof standard at the threshold, before discovery." (*Ibid.*)

Following the *Williams* court's admonition that the "facts and theories" alleged in a PAGA notice need not "satisfy a particular threshold of weightiness," courts have since found few "facts and theories" are needed to satisfy PAGA's notice requirement. In *Brown v. Ralphs Grocery Co.* (2018) 28 Cal.App.5th 824, for example, the court found adequate a PAGA notice that alleged an employer provided inaccurate wage statements because it " 'fail[ed] to include the name and address of the legal entity that is the employer.' " (*Id.* at p. 838.) "This minimal fact," the court concluded, "support[ed] the alleged violation, making the [plaintiff's] Notice adequate." (*Ibid.*) And in *Brown v. Cinemark USA, Inc.* (9th Cir. 2017) 705 Fed. Appx. 644, 645 (*Cinemark*), similarly, the Ninth Circuit found adequate a PAGA notice that alleged an employer provided inaccurate wage statements because it "fail[ed] to state the total hours . . . worked as a result of working off-the-clock" and failed to "record[] or pay[] for those hours." (*Amey v. Cinemark USA Inc.* (N.D.Cal. May 13, 2015, No. 13-cv-05669-WHO) 2015 U.S.Dist.LEXIS 63524, at *41 [quoting substance of the PAGA notice], revd. & remanded *sub nom. Cinemark*, *supra*, 705 Fed. Appx. 644.) Considering *Williams*, the Ninth Circuit found these "pleaded facts and theories [were] sufficient to put [the plaintiffs' employer] and the California Labor and Workforce Development Agency on notice for potential investigation, which satisfies the policy goal of California Labor Code § 2699.3(a)." (*Cinemark*, at p. 645.)

With that background in mind, we now turn to American Modular's motion for summary adjudication. American Modular contended in its motion that Rojas's "PAGA letter amounts to 'nothing more than a string of legal conclusions with no factual allegations or theories of liability to support them.' " After we directed American Modular to show cause why Rojas's requested relief should not be granted, American Modular modified its position somewhat. It now accepts that Rojas offered some facts and theories to support his allegations but, for several reasons, maintains these facts and theories are insufficient. Agreeing with Rojas, however, we find none of American

Modular's offered reasons warrant summary adjudication of the entirety of Rojas's PAGA claim. In our view, as discussed more below, Rojas's PAGA notice supplied sufficient "facts and theories" to support at least some of the violations he alleged. And because a motion seeking summary adjudication of an entire cause of action may not be granted unless "it completely disposes of [the] cause of action" (Code Civ. Proc., § 437c, subd. (f)(1)), we find that reason enough to rule in Rojas's favor.

Before turning to the merits, we briefly address American Modular's effort to have Rojas's petition "denied without the need to even reach its merits." Because the trial court granted Rojas leave to amend his complaint, American Modular contends Rojas "has a plain, speedy, and adequate alternative remedy" that should foreclose the availability of writ relief. But Rojas's ability to file an amended complaint is no remedy at all. The trial court found Rojas's PAGA cause of action failed because his PAGA notice, not his complaint, was deficient. And no change Rojas may make to his complaint can ever remedy this believed flaw in his PAGA notice.

Turning to the merits, American Modular begins with several arguments tracking the trial court's reasoning. First, following the trial court's logic, it asserts that five of Rojas's eight paragraphs detailing American Modular's alleged violations "provide[d] only a statement mimicking the relevant statutory language." But even supposing an employee's PAGA notice falls short when it couches alleged violations in the language of the relevant statute, that principle would offer American Modular little help here. At least some of the five referenced paragraphs supplied much more than American Modular supposes. One of those paragraphs, for example, stated the following: American Modular violated "wage statement requirements by providing workers with wage statements that are inaccurate as to hours worked, total net and gross wages earned and applicable hourly or piece rates. The inaccuracies stem from the failure to pay for all hours worked, within the meaning of the wage orders, and failing to pay rest and meal period premiums." Rojas then described elsewhere in his notice the cause of American

8

Modular's alleged failure to pay for all hours worked and rest and meal periods missed: American Modular "requir[ed] or knowingly permitt[ed] employees to work before and after the shift without compensation, unlawfully round[ed] employee time to the detriment of the employee, [failed to compensate for time spent] donning and doffing, automatically deduct[ed] 30 minutes for meal periods not taken or meal periods that last less than 30 minutes, and manipulat[ed] time to avoid overtime compensation and compensation for all hours worked."

Rojas's allegations here thus included an ultimate fact (American Modular provided workers with wage statements that inaccurately listed hours worked, wages earned, and applicable hourly or piece rates) and supportive evidentiary facts (American Modular's inaccurate wage statements resulted from American Modular's failure to pay workers for all hours worked and rest and meal periods missed—and this failure to pay, in turn, resulted from American Modular's failure to compensate for, among other things, time spent "donning and doffing"). American Modular's contention, then, that this and several other paragraphs "provide[d] only a statement mimicking the relevant statutory language" is wrong. To be sure, Rojas's alleged "facts and theories" here did not exhaustively explain why American Modular's wage statements were inadequate. But his allegations sufficed to notify American Modular and the Labor and Workforce Development Agency of the general basis for this claim. And considering *Williams* and later cases, these allegations were at least enough to supply the minimum "facts and theories" necessary to support that claim. (See *Williams*, *supra*, 3 Cal.5th at p. 545 ["facts and theories" alleged in a PAGA notice need not "satisfy a particular threshold of weightiness"]; *Brown v. Ralphs Grocery Co.*, *supra*, 28 Cal.App.5th at p. 838 [finding adequate a PAGA notice that alleged an employer provided inaccurate wage statements because it " 'fail[ed] to include the name and address of the legal entity that is the employer' "]; *Cinemark*, *supra*, 705 Fed. Appx. at p. 645.)

9

Next, again adopting the trial court's reasoning, American Modular contends Rojas's notice "was deficient because it failed to adequately identify who the alleged 'aggrieved employees' were with regard to the alleged violations." Rojas, however, did specify the particular class of workers who he believed were harmed— "current and former California non-exempt employees of AMS." That is a broad class of employees, to be sure; but it is a specific class of employees. And it appears to be the same class of employees discussed in the PAGA notice in *Williams*. The complaint in that case, after all, concerned a similarly broad class of employees—namely, all nonexempt hourly employees who suffered the same alleged harms as the plaintiff. (*Williams*, *supra*, 3 Cal.5th at pp. 542-543.)

Similarly, once more following the trial court's reasoning, American Modular contends Rojas's notice "was deficient because it failed to . . . provide a statement regarding [Rojas's] own position and status." Rojas's notice perhaps could have been more detailed in this regard. He identified himself as an "aggrieved employee"—which, in PAGA parlance, means he "was employed [at some point] by the alleged violator" (Lab. Code, § 2699, subd. (c))—and he indicated he was a nonexempt California employee. But he offered little else about his status, never revealing his particular position with American Modular or his period of employment.

Even so, we find the alleged facts in his notice sufficient. Considering the whole of Rojas's allegations, it is at least clear that Rojas asserted that American Modular is currently committing the listed violations against its nonexempt employees. And although the state agency reviewing this notice might be left to wonder when these violations began, that is not reason enough to find the notice wholly inadequate. A complaint, as an analogue, is generally not deficient merely because it fails to describe the particular date when a defendant's misconduct began. (See *People v. Superior Court* (1973) 9 Cal.3d 283, 288 [complaint that accused the defendants of making false and misleading statements, but without noting "the time and place of the misrepresentations,"

10

was not inadequate for that reason; "[i]f defendants require further specifics in order to prepare their defense, such matters may be the subject of discovery proceedings"].) And we see nothing in section 2699.3 suggesting that factual allegations in PAGA notices must exceed those normally found sufficient in complaints.

Nor do we find anything in PAGA as a whole supporting this proposition. To the contrary, taking our cues from *Williams*, we find that requiring some sort of heightened-pleading standard at the notice stage would "undercut the clear legislative purposes the act was designed to serve." (*Williams*, *supra*, 3 Cal.5th at p. 546.) PAGA, again, sought to "expand[] the universe of those who might enforce the law, and the sanctions violators might be subject to," to "remediate present violations [of the Labor Code] and deter future ones." (*Ibid.*) And, tweaking the *Williams* court's words slightly, we find "[t]hese purposes would be ill served by presuming, notwithstanding the failure explicitly to so indicate in the text, that deputized aggrieved employees must satisfy a PAGA-specific heightened [pleading] standard at the threshold, before discovery." (*Ibid.*; see also *id.* at p. 548 ["Hurdles that impede the effective prosecution of representative PAGA actions undermine the Legislature's objectives."].)[3]

Branching out from the trial court's reasoning, American Modular also contends Rojas's PAGA notice was deficient because it "fail[ed] to identify any specific policy or practice of AMS that could have allowed AMS and the [Labor and Workforce Development Agency] to realistically ascertain what allegedly gave rise to the purported violations." But Rojas did allege specific practices that he believed unlawful. Again, for

---

[3]    *Williams*, as American Modular notes, is not on all fours with our case. *Williams* considered, among other things, whether a PAGA notice requires something more than mere allegations—say, "some modicum of substantial proof"—to be sufficient. (*Williams*, *supra*, 3 Cal.5th at p. 545.) Here, in contrast, we consider the number of allegations necessary in a PAGA notice. But although our issues are slightly different, the reasoning of the *Williams* court lends clear support to our conclusion, even if it does not explicitly dictate it.

example, he contended American Modular undercompensated him and other nonexempt employees based on the following practices: American Modular "requir[ed] or knowingly permitt[ed] employees to work before and after the shift without compensation, unlawfully round[ed] employee time to the detriment of the employee, [failed to compensate for time spent] donning and doffing, automatically deduct[ed] 30 minutes for meal periods not taken or meal periods that last less than 30 minutes, and manipulat[ed] time to avoid overtime compensation and compensation for all hours worked."

Finally, because Rojas's PAGA claim is based on American Modular's alleged violation of eight distinct labor laws, American Modular asks that we at least consider whether it is entitled to summary adjudication relating to some of those eight laws. In explaining its argument, American Modular acknowledges that summary adjudication under Code of Civil Procedure section 437c, subdivision (f)(1) is typically only appropriate when it disposes of an entire cause of action. But it contends Rojas's PAGA claim is effectively eight causes of action—one cause of action for each of the eight distinct labor laws allegedly violated. And so it asks that we at least consider whether some of these eight parts of Rojas's PAGA claim are inadequate.

We decline to do so. We agree Rojas's PAGA claim can be regarded as multiple causes of action for purposes of summary adjudication. (See *Silva v. See's Candy Shops, Inc.* (2016) 7 Cal.App.5th 235, 257 [each set of allegations in a cause of action that raises a distinct theory of liability may be regarded as a distinct cause of action for purposes of summary adjudication].) But we decline to consider whether summary adjudication, even if not appropriate for all these causes of action together, would at least be appropriate for some of them. At the trial level, American Modular limited its challenge to the entirety of Rojas's PAGA claim. It never sought summary adjudication for each of the eight parts of Rojas's PAGA cause of action; it instead treated the PAGA cause of action as a single claim and sought summary adjudication of the entirety of this claim.

As the motion was presented, then, the trial court had to deny it if it found any part of Rojas's PAGA cause of action survived. After all, a motion seeking summary adjudication of an entire cause of action may not be granted unless "it completely disposes of [the] cause of action." (Code Civ. Proc., § 437c, subd. (f)(1).) Understanding American Modular's motion this way, Rojas never attempted to show his PAGA notice satisfied administrative exhaustion requirements for each of the eight alleged violations in his PAGA cause of action. He instead attempted to show his PAGA notice at least satisfied exhaustion requirements for some of his allegations. And, he contended, because American Modular could not show his "notice [wa]s deficient as to each and every PAGA predicate, or that AMS has a complete defense," that was reason enough to deny American Modular's motion.

American Modular now, however, attempts to change the relevant legal question. No longer should we consider whether Rojas's PAGA cause of action, considered as a single unit, could be summarily adjudicated. Instead, American Modular now contends, we should consider whether any part of Rojas's PAGA cause of action could be summarily adjudicated. But that is a very different issue than the one Rojas faced and the trial court considered below. As American Modular framed the issue below, Rojas needed to show only that some part of his PAGA cause of action could not be summarily adjudicated to ensure a ruling in his favor. And, not surprisingly, that was all Rojas attempted to show in opposing American Modular's motion. But as American Modular frames the issue now, for the first time in its brief on appeal, Rojas instead should have attempted to show that all eight parts of his PAGA cause of action could not be summarily adjudicated. We decline, however, to consider this new theory for the first time on appeal. (See *Nellie Gail Ranch Owners Assn. v. McMullin* (2016) 4 Cal.App.5th

982, 997 [" 'As a general rule, theories not raised in the trial court cannot be asserted for the first time on appeal.' "].)[4]

## DISPOSITION

Let a writ of mandate issue directing the trial court to set aside its order granting real party American Modular's motion for summary adjudication and to enter a new order denying that motion. Rojas is entitled to recover his costs in this original proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

_____/s/_____
BLEASE, Acting P.J.

We concur:

_____/s/_____
MURRAY, J.

_____/s/_____
RENNER, J.

_____

[4]     Rojas contends we should decline American Modular's request for an alternative reason: American Modular failed to follow the proper procedural route for obtaining summary adjudication on less than the entire cause of action. In Rojas's view, to obtain its requested relief, American Modular needed to follow the procedure set out in Code of Civil Procedure section 437c, subdivision (t)—which describes the procedure for obtaining "summary adjudication of a legal issue or a claim for damages other than punitive damages that does not completely dispose of a cause of action. . . ." But we find that particular provision irrelevant here. American Modular's aim here is not to attack something less than a cause of action. It instead contends Rojas's PAGA cause of action is really eight distinct causes of action, and it then seeks summary adjudication of at least some of those eight causes of action. That said, we still agree with Rojas's desired result for the reasons stated.

14