NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 17 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEVAG CHALIAN; et al.,

      Plaintiffs-Appellees,

  v.

PARVIN GHASSEMIAN,

      Objector-Appellant,

  v.

CVS PHARMACY, INC, a Rhode Island
corporation; et al.,

      Defendants-Appellees.

No.   21-55904

D.C. No.
2:16-cv-08979-AB-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Andre Birotte, Jr., District Judge, Presiding

Argued and Submitted October 17, 2022
Submission Vacated January 9, 2023
Resubmitted April 16, 2025
Pasadena, California

Before:  CHRISTEN, BUMATAY, and DESAI, Circuit Judges.

Objector Parvin Ghassemian appeals the district court's order granting final

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

approval of a class action settlement concerning allegations that CVS Pharmacy, Inc., violated California wage-and-hour laws. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

1. Plaintiffs and CVS argue that Ghassemian lacks Article III standing to pursue this appeal because she entered into a private settlement with CVS, pursuant to which she dismissed with prejudice her individual claims filed in state court. Whether Ghassemian has standing to appeal depends on whether she "retains a personal stake in the case," *Campion v. Old Republic Prot. Co.*, 775 F.3d 1144, 1146 (9th Cir. 2014), and this court looks to the language of the settlement agreement to determine whether Ghassemian has such a stake, *Brady v. AutoZone Stores, Inc.*, 960 F.3d 1172, 1174 (9th Cir. 2020).[1]

Ghassemian asserts and CVS concedes that their private settlement agreement states that Ghassemian and CVS sought to resolve all claims and disputes "except those claims specifically carved out in paragraph 6(b)," which addresses Ghassemian's rights as a "class member in the *Chalian* litigation." Although Plaintiffs and CVS argue otherwise, that carve-out was enough to give Ghassemian

---

[1] Although *Campion* and *Brady* addressed whether a putative class plaintiff who settles his individual claims after the denial of class certification can then appeal that denial consistent with Article III, the principles discussed therein are instructive here.

a stake in the outcome of this class action appeal.

Plaintiffs assert that Ghassemian has no redressable injury because her individual wage-and-hour claims were the subject of a "final judgment" by the California court. *See Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (holding that parties cannot by agreement confer jurisdiction on a federal court). But the settlement agreement expressly reserved Ghassemian's rights to the class claims that underlie this appeal. In other words, the agreement resolved some, but not all, of the live controversies between Ghassemian and CVS.

CVS separately argues that "to the extent [Ghassemian] argues the class settlement undercompensated her, . . . the injury is self-inflicted." But this argument proves too much. If it were correct, any class member who alleges that a settlement undercompensates but chooses not to opt out would lack standing to appeal.

We cannot conclude either that "no matter what happens on appeal," Ghassemian "would not get a penny more," *Campion*, 775 F.3d at 1147, or that the agreement is not enough to give Ghassemian "a financial stake in the outcome," *Brady*, 960 F.3d at 1175. Because Ghassemian maintains a concrete, financial, and personal stake in the outcome of the appeal, she has standing.[1]

---

[1] Because we address and ultimately reject Ghassemian's merits arguments, we need not address whether she also lacks the right to appeal because she is not a party to the class settlement. *See Churchill Vill., LLC v. Gen. Elec.*, 361 F.3d 566, 572 (9th

2. Ghassemian argues that the initial class notice was inadequate and that the district court erred by failing to provide supplemental notice after the settlement was modified. Although Ghassemian received notice of the settlement "[o]n or about October 5, 2020," she did not raise her objections concerning notice until her July 15, 2021 letter brief. The district court therefore struck these objections as untimely. Because these objections were not properly presented to the district court, we decline to reach them. *See In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010).

3. We next consider whether the district court abused its discretion by approving the class settlement. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, 895 F.3d 597, 606, 609 (9th Cir. 2018). To determine whether a settlement is "fair, reasonable, and adequate," district courts examine the eight "*Churchill* factors" and the "specific factors" identified in Federal Rule of Civil Procedure 23(e)(2). *See McKinney-Drobnis v. Oreshack*, 16 F.4th 594, 607, 609 & n.4 (9th Cir. 2021). The district court properly considered each of the required factors and specifically addressed Ghassemian's objections. Thus, the district court did not abuse its discretion by concluding the settlement was fair, reasonable, and adequate.

---

Cir. 2004) (noting that "neither Article III nor prudential standing is implicated by the efforts of non-intervening objectors to appeal class-action settlements").

4

4. We also conclude that the district court did not abuse its discretion by determining that the settlement was not collusive. *See id*. at 607–08. The district court properly "looked for and scrutinized any subtle signs that class counsel . . . allowed pursuit of their own self-interests to infect the negotiations" by explicitly and comprehensively considering each of the relevant *Bluetooth* factors and Ghassemian's objections. *Id.* (citation omitted).

5. The district court also did not abuse its discretion by certifying the class for the purpose of settlement over Ghassemian's objections to the class definitions. *See In re Hyundai & Kia Fuel Econ. Litig.*, 926 F.3d 539, 556–58 (9th Cir. 2019) (en banc). The district court reasonably concluded that the classes were defined so that no person was a member of both classes and any class member who worked in the affected regions during the class period would be counted, and recognized that any overbreadth in the pharmacy class was only a trial management concern. The district court also properly concluded that both classes satisfied Rule 23(a)'s requirements and were sufficiently cohesive to satisfy Rule 23(b)(3) for settlement purposes.

**AFFIRMED.**[2]

---

[2] Because Ghassemian "did not increase the fund or otherwise substantially benefit the class members," she is not entitled to fees. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002).